# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re PRUDENTIAL FINANCIAL, INC. SECURITIES LITIGATION | ) ) ) Civil Action No. 2:19-cv-20839-SRC-CLW |
| | ) <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | ) ) ) ) |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED PRUDENTIAL FINANCIAL, INC. ("PRUDENTIAL" OR THE "COMPANY") COMMON STOCK BETWEEN JUNE 5, 2019 AND AUGUST 2, 2019, INCLUSIVE (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE JULY 30, 2024**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between City of Warren Police and Fire Retirement System ("Lead Plaintiff") and Prudential and Kenneth Y. Tanji ("Defendants"); (ii) the proposed $35 million settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated February 12, 2024 (the "Stipulation"), by and between Lead Plaintiff and Defendants (the "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before July 30, 2024. The Proof of Claim form is available on the website.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Defendants' Released Persons about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before May 23, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before May 23, 2024. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON JUNE 13, 2024** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before May 23, 2024.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.PrudentialSecuritiesSettlement.com.

### SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $35 million settlement fund has been established. Based on Lead Plaintiff's estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $1.57, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages 8-11 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Settlement Class, deny that the Settlement Class has suffered any damages, and deny any wrongdoing or liability whatsoever. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Prudential common stock was allegedly artificially inflated (if at all) during the relevant period; (4) the amount, if any, by which the price of Prudential common stock was allegedly artificially inflated (if at all) during the relevant period; (5) the effect of various market forces on the price of Prudential common stock at various times during the relevant period; (6) the extent to which external factors influenced the price of Prudential common stock at various times during the relevant period; (7) the extent to which the matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the price of Prudential common stock at various times during the relevant period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of Prudential common stock at various times during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Lead Plaintiff's Counsel for an award of attorneys' fees not to exceed 25% of the Settlement Amount, plus expenses not to exceed $200,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Prudential common share will be approximately $0.41.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-888-298-3183.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

### Please Do Not Call the Court or Defendants with Questions About the Settlement.

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery–or, indeed, no recovery at all–might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

**BASIC INFORMATION**

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was prepared and is being made available to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased Prudential common stock during the period between June 5, 2019 and August 2, 2019, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of New Jersey, and the case is known as *In re Prudential Financial, Inc. Securities Litigation*, No. 2:19-cv-20839-SRC-CLW. The case has been assigned to the Honorable Stanley R. Chesler. The entity representing the Settlement Class is the "Lead Plaintiff," and the individual and entity it sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

The initial complaint in the Litigation was filed on November 27, 2019. On March 20, 2020, the Court appointed City of Warren Police and Fire Retirement System as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On June 3, 2020, Lead Plaintiff filed its Amended Complaint for Violations of the Federal Securities Laws ("Complaint") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants moved to dismiss the Complaint which was granted with prejudice on December 29, 2020.[2] On January 26, 2021, Lead Plaintiff filed its Notice of Appeal in the Third Circuit Court of Appeals, and on June 13, 2023, and after full briefing and oral argument, the Third Circuit affirmed the District Court's determination with respect to all but one alleged misstatement from June 2019. The Third Circuit remanded the case to the District Court for further proceedings, *i.e.*, to evaluate Defendants' motion to dismiss with respect to scienter and loss causation as to the sole alleged misstatement remaining in the Litigation.

On August 30, 2023, the Court held a status conference. Thereafter, on November 30, 2023, Lead Plaintiff and Defendants participated in a voluntary confidential mediation session with the Hon. Judge Freda Wolfson (Ret.). The mediation session was preceded by submission of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations, and after a full day of mediation, accepted a mediator's proposal to settle the Litigation in exchange for a cash payment of $35 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

**WHO IS IN THE SETTLEMENT**

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased Prudential common stock between June 5, 2019 and August 2, 2019, inclusive. Excluded from the Settlement Class are: (i) Defendants and the Dismissed Defendants and members of their immediate families; (ii) the current and former officers and directors of Prudential and members of their immediate families; (iii) Prudential's subsidiaries and affiliates or other entities owned or controlled by it; (iv) any entity in which any Defendant or Dismissed Defendant has a controlling interest; (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant and Dismissed Defendant; and (vi) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion. To the extent any Prudential employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Settlement Class by definition.

**Please Note:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim which is available on the website and the required supporting documentation as set forth therein postmarked or submitted online on or before July 30, 2024.

---

[2]    The Complaint alleged claims against Defendants and Charles Lowrey and Robert Falzon (the "Dismissed Defendants").

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-298-3183, or you can fill out and return the Proof of Claim form to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $35 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.PrudentialSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Prudential Securities Settlement,* Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301135, Los Angeles, CA 90030-1135) **or submit it online so that it is postmarked or received no later than July 30, 2024**. The Proof of Claim may be submitted online at www.PrudentialSecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on June 13, 2024, at 10:00 a.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself in connection with this Settlement, you are in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Claims" means any and all claims, rights and causes of action of every nature and description, including, duties, obligations, demands, losses, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether class or individual in nature, whether arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future, against any or all of Defendants' Released Persons that arise out of or are based upon or relate in any way to: (i) the Litigation, including any claims, causes of action, allegations, acts, transactions, facts, events, matters, occurrences, regulatory filings, statements, representations, disclosures, or omissions that were or could have been set forth, alleged or referenced in the Litigation; and (ii) the purchase of Prudential common stock at any time during the Class Period. "Released Claims" does not include claims to enforce the Settlement or any derivative or ERISA claims. Nor does it include the claims of any Person who submits a request for exclusion in connection with this Settlement that is accepted by the Court. "Released Claims" includes "Unknown Claims" as defined below.

4

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Plaintiff's Counsel, or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or the Dismissed Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and the Dismissed Defendants and/or any or all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers in their capacities as such, as well as each of the Defendants' and Dismissed Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants or Dismissed Defendants is the settlor or which is for the benefit of any of the Defendants or Dismissed Defendants and/or member(s) of his family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Defendants or Dismissed Defendants has a controlling interest or which is related to or affiliated with any of the Defendants or Dismissed Defendants.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

  > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

  The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon

5

the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Defendants' Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself–or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. Also, the parties have agreed that Defendants may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Settlement Class who collectively purchased a certain number of shares of Prudential common stock exclude themselves from the Settlement Class.

| 11. | How do I get out of the Settlement Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Prudential Securities Settlement*." Your letter must include your purchases and sales of Prudential common stock during the Class Period, including the dates and number of shares of Prudential common stock you purchased and sold and price paid for each such purchase and received for each such sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than May 23, 2024** to:

*Prudential Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Defendants' Released Persons about the Released Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Defendants' Released Persons for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Defendants' Released Persons for any and all Released Claims. If you have a pending lawsuit against the Defendants' Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is May 23, 2024.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the Defendants' Released Persons.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
| --- | --- |

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $200,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
| --- | --- |

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Plaintiff's Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Prudential Securities Settlement*. Include your name, address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares purchased or sold of Prudential common stock during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases and/or sales of Prudential common stock during the Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* no later than May 23, 2024:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
| --- | --- | --- |
| CLERK OF THE COURT UNITED STATES DISTRICT COURT   DISTRICT OF NEW JERSEY Martin Luther King Building & U.S. Courthouse 50 Walnut Street Room 4015 Newark, NJ 07102 | ROBBINS GELLER RUDMAN   & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway Suite 1900 San Diego, CA 92101 | DEBEVOISE &   PLIMPTON LLP Attn: Maeve L. O'Connor 66 Hudson Boulevard New York, NY 10001 |

| 17. | What is the difference between objecting and excluding? |
| --- | --- |

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the Released Defendant Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
| --- | --- |

The Court will hold a Settlement Hearing at **10:00 a.m., on June 13, 2024**, in the Courtroom of the Honorable Stanley R. Chesler, at the United States District Court for the District of New Jersey, Senator Frank R. Lautenberg Building, 2 Federal Square, Newark, NJ 07101-0999. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Settlement Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video conference, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is**

**important that you monitor the Court's docket or the Settlement website, www.PrudentialSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.PrudentialSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website, www.PrudentialSecuritiesSettlement.com.** If you want to attend the hearing, either in person or remotely, if permitted, you should check with Lead Counsel or the Settlement website, www.PrudentialSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you are a Settlement Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Settlement Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Prudential Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Plaintiff's Counsel and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than May 23, 2024**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the Released Defendant Parties about the Released Claims in this case.

### GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-298-3183. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.PrudentialSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of New Jersey, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

### THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $35 million in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants–*i.e.*, Members of the Settlement Class who timely submit valid Proofs of Claim that are accepted for payment by the Court–in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.PrudentialSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not necessarily intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Lead Plaintiff's damages consultant. In developing the Plan of Allocation, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the per-share prices of Prudential common stock that was allegedly caused by Defendants' alleged materially false and misleading statements and omissions.

As previously described in the Notice, the Net Settlement Fund is the remainder of the Settlement Fund after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs, and any applicable taxes.

In calculating the estimated artificial inflation allegedly caused by the misrepresentations and omissions, Lead Plaintiff's damages consultant considered statistically significant price changes in Prudential common stock in reaction to the public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud related, Prudential-specific information.

In order to have recoverable damages in connection with purchases of Prudential common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Prudential common stock. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period between June 5, 2019 and the close of trading on August 2, 2019, which had the effect of artificially inflating the prices of Prudential common stock. Lead Plaintiff asserts that, as the result of the alleged corrective disclosures, artificial inflation was removed from the price of Prudential stock.

In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Prudential common stock must have been purchased during the Class Period and held through a corrective disclosure.[3]

### CALCULATION OF RECOGNIZED CLAIM AMOUNT

Based on the formulas stated below, a "Recognized Claim Amount" will be calculated for each purchase of Prudential common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formulas below, that Recognized Claim Amount will be zero.

For each share of Prudential common stock purchased during the period between June 5, 2019 and August 2, 2019, inclusive, and:

(a) Sold prior to the close of trading on August 1, 2019, the Recognized Claim Amount per share is zero;

(b) Sold on August 1, 2019, the Recognized Claim Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus the sale price;

(c) Sold from August 2, 2019 through and including the close of trading on October 30, 2019, the Recognized Claim Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between August 2, 2019 and the date of sale as stated in Table 2 below; and

(d) Held as of the close of trading on October 30, 2019, or sold thereafter, the Recognized Claim Amount shall be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $86.23, the average closing price for Prudential common stock between August 2, 2019 through October 30, 2019 (the last entry in Table 2 below).[4]

---

[3]    Based on Lead Plaintiff's damages consultant's event study analysis, Prudential's common stock declines on August 1, 2019 and August 2, 2019, were both statistically significant.

[4]    Under Section 21(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Claim Amounts are reduced to an appropriate extent by taking into account the closing prices of Prudential common stock during the 90-day look-back period. The mean (average) closing price for Prudential common stock during this 90-day look-back period was $86.23 as shown in Table 2.

If a Settlement Class Member held Prudential common stock at the beginning of the Class Period or made multiple purchases or sales of Prudential common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Claim Amount is to match the claimant's holdings, purchases and their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Prudential common stock sold during the Class Period will be matched, in chronological order first against Prudential common stock held at the beginning of the Class Period. The remaining sales of Prudential common stock during the Class Period will then be matched, in chronological order against Prudential common stock purchased during the Class Period.

Purchases and sales of Prudential common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Prudential common stock during the Class Period shall not be deemed a purchase or sale of Prudential common stock for the calculation of a Recognized Claim Amount, unless (i) the donor or decedent purchased such shares of Prudential common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Prudential common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claim Amounts of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined below) is $10.00 or greater.

If a claimant had a market gain with respect to their overall transactions in Prudential common stock during the Class Period, the value of the claimant's Recognized Claim Amount will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Prudential common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim Amount calculated above, then the claimant's Recognized Claim Amount will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to his, her, or its overall transactions in Prudential common stock during the Class Period, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

---

[5]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Prudential common stock purchased during the Class Period.

[6]    The Claims Administrator will match any sales of Prudential common stock from the start of the Class Period through and including the close of trading on August 1, 2019, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Prudential common stock sold from the start of the Class Period through and including the close of trading on August 1, 2019, will be the "Total Sales Proceeds."

[7]    The Claims Administrator will ascribe a "Holding Value" equal to $88.56 for each share of Prudential common stock purchased during the Class Period and still held as of the close of trading on August 1, 2019.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Defendants' Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator, or other Person designated by Lead Plaintiff's Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## TABLE 1

### Decline in Inflation Per Share by Date of Purchase and Date of Sale

| Purchase Date | Sale Date | | |
| --- | --- | --- | --- |
| | 6/5/2019 - 7/31/2019 | 8/1/2019 | Sold on or Retained Beyond 8/2/2019 |
| 6/5/2019 - 7/31/2019 | $0.00 | $5.37 | $6.47 |
| 8/1/2019 | | $0.00 | $1.10 |
| Purchased on or Beyond 8/2/2019 | | | $0.00 |

## TABLE 2

### Prudential Common Stock Closing Price and Average Closing Price

| Date | Closing Price | Average Closing Price Between August 2, 2019, and Date Shown | Date | Closing Price | Average Closing Price Between August 2, 2019, and Date Shown |
| --- | --- | --- | --- | --- | --- |
| 8/2/2019 | $88.56 | $88.56 | 9/18/2019 | $89.18 | $83.42 |
| 8/5/2019 | $85.95 | $87.26 | 9/19/2019 | $89.01 | $83.59 |
| 8/6/2019 | $86.23 | $86.91 | 9/20/2019 | $89.08 | $83.74 |
| 8/7/2019 | $85.17 | $86.48 | 9/23/2019 | $89.66 | $83.91 |
| 8/8/2019 | $86.03 | $86.39 | 9/24/2019 | $89.18 | $84.05 |
| 8/9/2019 | $84.82 | $86.13 | 9/25/2019 | $89.77 | $84.20 |
| 8/12/2019 | $82.72 | $85.64 | 9/26/2019 | $89.74 | $84.34 |
| 8/13/2019 | $83.58 | $85.38 | 9/27/2019 | $90.16 | $84.49 |
| 8/14/2019 | $80.40 | $84.83 | 9/30/2019 | $89.95 | $84.62 |
| 8/15/2019 | $80.09 | $84.36 | 10/1/2019 | $87.28 | $84.68 |
| 8/16/2019 | $82.03 | $84.14 | 10/2/2019 | $85.08 | $84.69 |
| 8/19/2019 | $82.22 | $83.98 | 10/3/2019 | $85.54 | $84.71 |
| 8/20/2019 | $80.65 | $83.73 | 10/4/2019 | $87.35 | $84.77 |
| 8/21/2019 | $81.40 | $83.56 | 10/7/2019 | $86.99 | $84.82 |
| 8/22/2019 | $82.08 | $83.46 | 10/8/2019 | $84.95 | $84.82 |
| 8/23/2019 | $79.13 | $83.19 | 10/9/2019 | $86.06 | $84.85 |
| 8/26/2019 | $79.61 | $82.98 | 10/10/2019 | $87.67 | $84.91 |
| 8/27/2019 | $78.29 | $82.72 | 10/11/2019 | $89.42 | $85.00 |
| 8/28/2019 | $78.39 | $82.49 | 10/14/2019 | $89.34 | $85.08 |
| 8/29/2019 | $79.53 | $82.34 | 10/15/2019 | $89.95 | $85.17 |
| 8/30/2019 | $80.09 | $82.24 | 10/16/2019 | $89.45 | $85.26 |
| 9/3/2019 | $78.64 | $82.07 | 10/17/2019 | $89.38 | $85.33 |
| 9/4/2019 | $79.65 | $81.97 | 10/18/2019 | $89.69 | $85.41 |
| 9/5/2019 | $81.92 | $81.97 | 10/21/2019 | $90.88 | $85.51 |
| 9/6/2019 | $82.17 | $81.97 | 10/22/2019 | $91.21 | $85.61 |
| 9/9/2019 | $84.20 | $82.06 | 10/23/2019 | $91.57 | $85.71 |
| 9/10/2019 | $86.71 | $82.23 | 10/24/2019 | $91.26 | $85.81 |
| 9/11/2019 | $88.02 | $82.44 | 10/25/2019 | $91.75 | $85.90 |
| 9/12/2019 | $88.22 | $82.64 | 10/28/2019 | $93.12 | $86.02 |
| 9/13/2019 | $89.82 | $82.88 | 10/29/2019 | $93.00 | $86.14 |
| 9/16/2019 | $89.10 | $83.08 | 10/30/2019 | $92.31 | $86.23 |
| 9/17/2019 | $88.29 | $83.24 | | | |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased Prudential common stock during the Class Period for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice at notifications@gilardi.com or *Prudential Securities Settlement*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301135, Los Angeles, CA 90030-1135 sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.

If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

DATED: March 8, 2024

_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re PRUDENTIAL FINANCIAL, INC. SECURITIES LITIGATION | ) Civil Action No. 2:19-cv-20839-SRC-CLW |
| | ) <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | ) |

**PROOF OF CLAIM AND RELEASE**

### I.      GENERAL INSTRUCTIONS

1.      To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page 6 hereof, sign this Proof of Claim. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not ensure that you will share in the proceeds of the Settlement of the Litigation.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE JULY 30, 2024**, ADDRESSED AS FOLLOWS:

*Prudential Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

Online Submissions: www.PrudentialSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

### II.      CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased Prudential Financial, Inc. ("Prudential") common stock between June 5, 2019 and August 2, 2019, inclusive (the "Class Period"), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee") of Prudential common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF PRUDENTIAL COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security (or full Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

---

[1]      This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.PrudentialSecuritiesSettlement.com.

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Prudential Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and sales of Prudential common stock that took place between June 5, 2019 and October 30, 2019, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number of shares of Prudential common stock you held at the close of trading on June 4, 2019, August 2, 2019, and October 30, 2019. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Prudential common stock. The date of a "short sale" is deemed to be the date of sale of Prudential common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN PRUDENTIAL COMMON STOCK SHOULD BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*In re Prudential Financial, Inc. Securities Litigation*

Civil Action No. 2:19-cv-20839-SRC-CLW

**PROOF OF CLAIM AND RELEASE FORM**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than July 30, 2024**

# PDL

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your claim
may be deemed deficient.

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN PRUDENTIAL COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.   First Name

Last Name (Co-Beneficial Owner)

M.I.   First Name (Co-Beneficial Owner)

○ IRA   ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other _____

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA   (specify)

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City   State   ZIP Code

Foreign Province   Foreign Postal Code   Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP<br>○ KE<br>○ ICI | ○ BE<br>○ DR<br>○ EM | ○ FL<br>○ ME<br>○ ND | ○ OP<br>○ RE<br>○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

## PART II: SCHEDULE OF TRANSACTIONS IN PRUDENTIAL COMMON STOCK

**A.** Number of shares of Prudential common stock held at the close of trading on June 4, 2019:

Proof Enclosed? ○ Y ○ N

**B.** Purchases of Prudential common stock (June 5, 2019 through October 30, 2019, inclusive):

**PURCHASES**

| Trade Date(s) (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. / / | | $ . 00 | ○ Y ○ N |
| 2. / / | | $ . 00 | ○ Y ○ N |
| 3. / / | | $ . 00 | ○ Y ○ N |
| 4. / / | | $ . 00 | ○ Y ○ N |
| 5. / / | | $ . 00 | ○ Y ○ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger at some date beginning June 5, 2019 through October 30, 2019, please identify the date, the share amount, and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
| / / | | |

**C.** Sales of Prudential common stock (June 5, 2019 through October 30, 2019, inclusive):

**SALES**

| Trade Date(s) (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. / / | | $ . 00 | ○ Y ○ N |
| 2. / / | | $ . 00 | ○ Y ○ N |
| 3. / / | | $ . 00 | ○ Y ○ N |
| 4. / / | | $ . 00 | ○ Y ○ N |
| 5. / / | | $ . 00 | ○ Y ○ N |

**D.** Number of shares of Prudential common stock held at the close of trading on August 2, 2019:

Proof Enclosed? ○ Y ○ N

**E.** Number of shares of Prudential common stock held at the close of trading on October 30, 2019:

Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



### IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Prudential common stock during the relevant period and know of no other person having done so on my (our) behalf.

### V.  RELEASES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Defendants' Released Persons," defined as any or all of Defendants and the Dismissed Defendants and/or any or all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers in their capacities as such, as well as each of the Defendants' and Dismissed Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants or Dismissed Defendants is the settlor or which is for the benefit of any of the Defendants or Dismissed Defendants and/or member(s) of his family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Defendants or Dismissed Defendants has a controlling interest or which is related to or affiliated with any of the Defendants or Dismissed Defendants.

2.      "Released Claims" means any and all claims, rights and causes of action of every nature and description, including, duties, obligations, demands, losses, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether class or individual in nature, whether arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future, against any or all of Defendants' Released Persons that arise out of or are based upon or relate in any way to: (i) the Litigation, including any claims, causes of action, allegations, acts, transactions, facts, events, matters, occurrences, regulatory filings, statements, representations, disclosures, or omissions that were or could have been set forth, alleged or referenced in the Litigation; and (ii) the purchase of Prudential common stock at any time during the Class Period.  "Released Claims" does not include claims to enforce the Settlement or any derivative or ERISA claims.  Nor does it include the claims of any Person who submits a request for exclusion in connection with this Settlement that is accepted by the Court.  "Released Claims" includes "Unknown Claims" as defined below.

3.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.



The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Settlement Class, and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Prudential common stock that occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on June 4, 2019, August 2, 2019, and October 30, 2019.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this_____ day of _____ in _____
                                                            (Month/Year)                                        (City/State/Country)

_____          _____
(Sign your name here)                                                (Sign your name here)

_____          _____
(Type or print your name here)                                        (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.*,                              (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)          Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**



Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. **Do not send** originals of certificates or other documentation as they will not be returned.

4. Keep a copy of your Proof of Claim and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6. If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation. Must use Black or Blue Ink or your claim may be deemed deficient.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED
NO LATER THAN JULY 30, 2024, ADDRESSED AS FOLLOWS:**

*Prudential Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135
Online Submissions: www.PrudentialSecuritiesSettlement.com



# THIS PAGE INTENTIONALLY LEFT BLANK

