# EXHIBIT D

# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

PARK 80 WEST - PLAZA ONE 250 PEHLE AVE. SUITE 401 SADDLE BROOK N.J. 07663 201-845-9600 FAX 201-845-9423

General E-mail: clphk@njlawfirm.com
Internet Address: www.njlawfirm.com

Founded in 1924, Cohn Lifland Pearlman Herrmann & Knopf LLP is a firm dedicated to the general practice of law at the highest level of professional competence, striving to achieve maximum benefit for our clients in the most efficient and professionally responsible manner.

Our firm has a wide ranging litigation practice at both the trial and appellate levels of the federal and New Jersey state court systems, having successfully litigated cases up through and including the United States Supreme Court. We regularly handle complex and sophisticated commercial litigation, including class and derivative litigation, in the areas of corporate and securities fraud, lender and accounts' liability, consumer protection, franchise, anti-trust, qui tam, RICO, employment and intellectual property.

Our firm also represents clients in substantial matrimonial actions involving divorce, custody, division of property and support as well as pre and postnuptial planning and agreements. Firm members enjoy expertise in chancery and probate litigation and employment law as well as both federal and state criminal proceedings. We also have a significant tort practice which includes personal injury, medical and legal malpractice, product liability, environmental matters and toxic torts.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 2

We regularly represent creditors, debtors and third parties in bankruptcy cases ranging from individual insolvencies to complex reorganizations and related problems.

Our active transactional practice includes business planning, mergers, acquisitions, investments and franchising. We offer a broad scope of legal services to our clients in corporate and financial transactions. Our real estate experts provide practical knowledge and extensive expertise in the purchase, sale, development and financing of commercial and residential properties, together with land use and environmental regulatory matters.

Many members of our firm are recognized experts in their particular areas of practice and have written, lectured and taught regularly. Articles authored by firm members have been published in leading legal publications and repeatedly cited in reported decisions including those of the New Jersey Supreme Court. We are consulted frequently by other members of the bar throughout the United States. Our firm acts as counsel in New Jersey to more than 100 leading law firms and practitioners both from within and without the state.

Our clientele includes many national and international corporations, local and regional companies, the State of New Jersey (which we represent in both securities and environmental litigation) government agencies and public and  private pension funds

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 3

as well as individuals from all walks of life, presenting problems requiring a high degree of professional skill and practical counseling. Uniquely, a number of clients have continued to retain our firm for generations.

Above all we take great pride in the high quality of services rendered and in our steadfast dedication to the diligent representation of the interests of each of our clients.

Among the more prominent cases in which the firm has been involved either as sole counsel, lead or co-lead counsel, liaison counsel, or in which we have otherwise participated substantively to a significant extent are the following:

*Oklahoma Firefighters Pension and Retirement System, etc., v. Newell Brands, Inc., et. al.*, Superior Court of New Jersey Law Division, Hudson County, Docket No. HUD-L-34922-18 (Feb. 10, 2023) (class action settlement of claims under the Securities Act of 1933 for $102,500,000);

*In re: Lamictal Antitrust Litigation,* 957 F.3d 184 (3d Cir. 2020);

*In re: Lipitor Antitrust Litigation*, 855 F.3d 126 (3d Cir. 2017) (Clarifying the Third Circuit's jurisdiction over reverse payment antitrust claims); also 866 F.3d 281 (3d Cir. 2017) (establishing pleading standards in reverse-payments antitrust actions);

*Amanda Mathis, et. al., v. Darden Restaurants, Inc., et. al.*, (United States District Court for the Southern District of Florida, case No. 12-61742) (a collective action on behalf of servers and bartenders of the world's largest full-service restaurant group for violations of the FLSA for unpaid time and overtime in which our firm served

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 4

as one of three co-lead counsel. Significantly, when the federal action was decertified and sent to contractually mandated arbitration, we and our co-lead counsel brought approximately 2500 separate claims in that arbitration which resulted in $8 million in recoveries on behalf of the clients plus attorneys' fees and expenses.

*MaxLite, Inc. v. ATG Electronics, Inc.*, 139 F.Supp.3d 371 (D.N.J. 2016) (Analyzing minimum contacts for specific jurisdiction in unfair competition litigation between a New Jersey plaintiff and California defendant);

*City of Sterling Heights General Employees' Retirement System v. Prudential Financial, Inc.*, 2015 WL 5097883 (D.N.J Aug. 31, 2015) ($33 million settlement for the benefit of the class);

*Castro v. Sanofi Pasteur Inc.*, 137 F. Supp. 3d 820 (D.N.J. 2015)

*King Drug Co. of Florence, Inc. v. SmithKline Beecham Corp.*, 791 F.3d 388 (3d Cir. 2015) (Reverse payment in violation of antitrust laws need not be in cash);

*In re Lipitor Antitrust Litigation*, 46 F. Supp. 3d 523 (D.N.J. 2014);

*In re K-Dur Antitrust Litig.*, 686 F.3d 197 (3d Cir. 2012), *vacated and remanded in view of Actavis, Upsher Smith Labs., Inc. v. Louisiana Wholesale Drug Co., Inc.*, 133 S. Ct. 2849 (2013), also *In re K-Dur Antitrust Litigation*, 636 F.3d. 197 (3d Cir. 2012) (applying the "quick look" rule of reason analysis and rejecting the scope-of-the-patent test for imposing liability on brand and generic companies for restraints of trade accomplished through "reverse payment" or "exclusion" payments under the Hatch-Waxman Act), also 338 F. Supp. 2d 517 (D.N.J. 2004) (In 2017 the firm received an Outstanding Antitrust Litigation Achievement Award in Private Law Practice from the American Antitrust Institute for its work in connection with this matter);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 5

*Aviva Partners LLC, et al. v. Exide Technologies, et al.*, U.S.D.C., District of New Jersey, 3:05-cv-3098 (MLC/LHG) ($13.7 million settlement on behalf of the class);

*In re Amerada Hess Corporation Securities Litig.*, Docket No. 02-03359 (District of New Jersey) ($9 million settlement on behalf of the class);

*In re: Cambrex Corp. Securities Litig.,* Docket No. 03-4896 (District of New Jersey) ($3,150,000 settlement on behalf of the class);

*In re Merck & Co. Sec., Derivative & Erisa Litig.*, 493 F. 3d 393 (3d Cir. 2007) (the use of after acquired information obtained through discovery may be utilized to establish demand futility in shareholder derivative litigation);

*Rolnik v. AT&T Wireless Services, Inc.*, Superior Court of New Jersey ($43 million recovery);

*In re Remeron Antitrust Litigation*, Case No. 02-2007, District of New Jersey ($75 million recovery);

*In re Lucent Securities Litigation,* 327 F. Supp. 2d. 426 (D.N.J. 2004) ($517 million recovery);

*In re AT&T Securities Litigation*, Master File No. 455 F.3d 160 (3d Cir. 2006) ($100 million settlement);

*In re Honeywell International, Inc. Securities Litigation,* Lead Case No. 2:00cv03605 (DRD), District of New Jersey and 211 F.R.D. 255 (D.N.J. 2002) ($100 million recovery);

*New Jersey Department of Environmental Protection et al v Atlantic Richfield Co., et al.* 15 cv – 6468 (D.N.J) (ongoing litigation in which the firm is co-Special Counsel for the State of New Jersey and has recovered $115 million to date).

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 6

*United States of America, ex. rel; Thomas G. Quinn v. Omnicare Inc.*, et als., 382 F.3d 432 (3d Cir. 2004) (in which the court established standards for *Qui Tam* litigation in this circuit and held that pharmaceutical suppliers to long term care facilities in New Jersey had no obligation to reimburse Medicaid for returned medications, even if those medications later were resold by the suppliers);

*Varsolona v. Breen Capital Services Corp.*, 360 N.J. Supp. 292 (App. Div. 2003), aff'd as modified, 180 N.J. 605 (2004);

*Williams et als. v. Chatmon, et als.,* Superior Court of New Jersey, Essex County ($1.6 million jury verdict in securities litigation);

*In Re: PSE&G Shareholder Litigation*, 173 N.J. 258 (2002) (establishing New Jersey standard for demand mad and demand futility pleading in shareholder derivative litigation); s*ee also*, 315 N.J. Super. 323 (Ch. Div. 1998);

*Burgo v. Volkswagen of Amer.*, 183 F. Supp. 2d. 683 (D.N.J. 2001) ($1.3 million recovery);

*California Public Employees' Retirement System v. Chubb Corp.,* 127 F. Supp. 2d. (D.N.J. 2001);

*In re: Nazi Era Cases Against German Defendants*, 135 F. Supp. 2d. 537 (D.N.J. 2000); 198 F.R.D. 429 (D.N.J. 2000);

*In re: Diet Drug Litigation, This Matter Relates to: Lynn Vadino, et. al., v. American Home Products Corp., et al.,* Case Code #240, Docket No. 3042-97, (Law Div. 1999) ($2.5 billion dollar total recovery);

*In re: Nice Systems Securities Litigation*, 188 F.R.D. 206 (D.N.J. 1999);

*Burger-Fischer v. DeGussa AG,* 65 F. Supp. 2d. 248 (D.N.J. 1999);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 7

*Weikel v. Tower Semiconductor, Ltd.,* 183 F.R.D. 377 (D.N.J. 1998) ($16.25 million recovery in class action securities litigation);

I*n re: Anadigics, Inc. Securities Litigation*, Master File No. 98-917 (MLC) ($11.5 million recovery);

*In re: Mobilemedia Securities Litigation*, 28 F. Supp. 2d. 901 (D.N.J. 1998) ($23.95 million recovery);

*Grassi v. Information Resources, Inc.*, 63 F. 3d. 596 (7th Cir. 1995) (class action securities litigation tried to conclusion);

*In re: Hibbard Brown Securities Litigation*, Master File No. 93 Civ 1150, MDL Docket 962 ($150 million approved claim in bankruptcy);

*In re: General Tire & Rubber Co. Securities Litigation*, 726 F. 2d. 1057 (6th Cir. 1994);

*Gelles v. TDA Industries*, 44 F. 3d. 102 (2d. Cir. 1994) (establishing standards in the Second Circuit on the "in connection with" principle for securities fraud);

*Easton & Co. v. Mutual Benefit Life Insurance Co.*, Fed. Sec. L. Rep. (CCH) ¶'s 96,595, 97,294 and 97,348 (D.N.J. 1993) ($2.75 million recovery);

*Resolution Trust Corp. v. DiDomenico*, 837 F. Supp. 623 (D.N.J. 1993);

*In Re: Bronze and Copper Anti-Trust Litigation*, Master File No. 93-4673 (AET), District of New Jersey;

*V. Rachael Lerch, et als. v. Citizens First Bancorp, et al.*, 805 F. Supp. 1142 (D.N.J. 1992) and 144 F.R.D. 247 (D.N.J. 1992) ($4 million recovery in securities litigation);

*Zinberg v. Washington Bancorp, et al.*, 138 F.R.D. 397 (D.N.J. 1990) ($2.1 million recovery in securities litigation);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 8

*In Re: C.R. Bard, Inc. Securities Litigation*, Master File No. 90-948 (AMW), District of New Jersey ($18.1 million settlement);

*In Re: The Regina Company, inc. Securities Litigation*, Civil Action No. 88-4149 (HAA), District of New Jersey ($7.3 million recovery);

*Pearl Newman, et al. v. On Line Software International, inc., et al.*, Civil Action No. 88-3247 (JLL), District of New Jersey ($4.1 million recovery during trial in class action securities litigation);

*Rose Cammer, et als. v. Bruce M. Bloom, et als.*, Civil Action No. 88-2458 (AJL) (*See* 711 F. Supp. 1264 (D.N.J. 1989) ($15 million recovery);

*In Re: Todd Shipyards Securities Litigation*, Master File No. 88-2580 (DRD), District of New Jersey ($12.6 million recovery);

*Willis v. Rubiera Zim*, 705 F. Supp. 205 (D.N.J. 1988) (Finding punitive damages allowable in securities arbitration);

*Reufenacht v. O'Halleran*, 737 F. 2d. 320 (3d. Cir. 1984), *aff'd*, sub. nom. *Gould v. Reufenacht*, 471 U.S. 701 (1985) (succeeded in persuading the Supreme Court to disavow the "sale of business doctrine" and afford a private right of action under the antifraud provisions of the federal securities laws to those who purchase businesses by acquiring stock rather than assets);

*Emanuel Metz, etc. v. Jupiter Industries, et als.,* Civil Action No. 85-c- 08414, Northern District of Illinois ($3.1 million recovery in class action securities litigation);

*In Re: California Life Insurance Company Securities Litigation*, MDL Docket No. 400 (LEW), Central District of California ($3.25 million recovery);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 9

*In Re: General Public Utilities Corporation Securities Litigation*, Fed. Sec. L. Rep. (CCH) 1983-1984 Transfer Binder, ¶99,566 (D.N.J. 1983) ($24.5 million recovery); and

*Abramowitz v. Posner*, 672 F. 2d. 1025 (2d. Cir. 1982) and 513 F. Supp. 120 (S.D.N.Y. 1981 shareholder derivative litigation).

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 10

## Peter S. Pearlman
psp@njlawfirm.com

Peter S. Pearlman practices primarily in the area of commercial litigation in both federal and state courts. Cases in which Mr. Pearlman has been involved have been the subject of more than 60 published opinions, many of which have established important legal precedents.

Mr. Pearlman also regularly represents clients before FINRA, the Financial Industry Regulatory Authority. He has been certified by the Supreme Court of New Jersey's board on Trial Attorney Certification as a civil trial attorney continuously since that certification first became available.

Mr. Pearlman is AV rated by Martindale-Hubbell and has been recognized in *Best Lawyers in America*, as well as *SuperLawyers* in New Jersey for Business Litigation continuously in every year since that recognition first became available. He also is listed *SuperLawyers* Corporate Counsel.

As a transactional attorney, Mr. Pearlman has represented numerous clients in the formation, purchase, sale, reorganization and franchising of corporations, partnerships and limited liability companies in transactions ranging from a few hundred thousand dollars to in excess of $100 million.

Mr. Pearlman served as a member of the Lawyers' Advisory Committee to the U.S. District Court District of New Jersey for fifteen years, is a past co-chair of the Class Action Committee of the New Jersey State Bar Association, and served for ten years as a trustee of the Association of the Federal Bar of New Jersey. In 2017, Mr. Pearlman was selected by the Association of the Federal Bar of New Jersey and the New Jersey Commission on Professionalism in Law as a recipient of the Professional Lawyer of the Year Award and received the New Jersey Law Journal's Lifetime Achievement Award in 2022.

Mr. Pearlman has lectured on topics involving business litigation for the American Bar Association and the New Jersey Institute for Continuing Legal Education. He has taught trial advocacy for the National Institute of Trial Advocacy and has also taught trial and appellate skills at Hofstra, Widener and Roger Williams Schools of Law.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 11

Among the more prominent cases in cases in which Mr. Pearlman has been involved and in which he acted as sole, lead, co-lead, or liaison counsel, include:

*Oklahoma Firefighters Pension and Retirement System, etc., v. Newell Brands, Inc., et. al.*, Superior Court of New Jersey Law Division, Hudson County, Docket No. HUD-L-34922-18 (Feb. 10, 2023) (class action settlement of claims under the Securities Act of 1933 for $102,500,000);

*In re: Lamictal Antitrust Litigation,* 957 F.3d 184 (3d Cir. 2020);

*Amanda Mathis, et. al., v. Darden Restaurants, Inc., et. al.*, (United States District Court for the Southern District of Florida, case No. 12-61742) (a collective action on behalf of servers and bartenders of the world's largest full-service restaurant group for violations of the FLSA for unpaid time and overtime. When the federal action was decertified and sent to contractually mandated arbitration, we and our other two co-lead counsel brought approximately 2500 separate claims in that arbitration which resulted in $8 million in recoveries on behalf of the clients plus attorneys' fees and expenses.

*In re: Lipitor Antitrust Litigation*, 868 F.3d 281 (3d Cir. 2017) (Establishing pleading standards in reverse-payments antitrust actions), also 855 F.3d 126 (3d Cir. 2017) (Clarifying the Third Circuit's jurisdiction over reverse payment antitrust claims), also 46 F. Supp. 3d 523 (D.N.J. 2014);

*MaxLite, Inc. v. ATG Electronics, Inc.*, 139 F.Supp.3d 371 (D.N.J. 2016) (Analyzing minimum contacts for specific jurisdiction in unfair competition litigation between a New Jersey plaintiff and California defendant);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 12

*Castro v. Sanofi Pasteur Inc.*, 137 F. Supp. 3d 820 (D.N.J. 2015) ($61,500,000 settlement for the benefit of the class);

*King Drug Co. of Florence, Inc. v. SmithKline Beecham Corp.*, 791 F.3d 388 (3d Cir. 2015) (Reverse payment in violation of antitrust laws need not be in cash);

*In re K-Dur Antitrust Litig.*, 686 F.3d 197 (3d Cir. 2012), *vacated and remanded in view of Actavis, Upsher Smith Labs., Inc. v. Louisiana Wholesale Drug Co., Inc.*, 133 S. Ct. 2849 (2013), also 338 F. Supp. 2d 517 (D.N.J. 2004) ($60,200,000 settlement for the benefit of the class);

*Herman v. Yellow Pages, LLC*, 780 F. Supp. 2d 1028 (S.D. Ca. 2011);

*Kalow & Springut v. Commence Corp.*, 272 F.R.D. 397 (D.N.J. 2011);

*State of New Jersey Dept. of Treasury v. Fuld*, 604 F.3d 86 (3d Cir. 2010);

*In re Merck & Co. Sec., Derivative & ERISA Litig.*, 493 F.3d 393 (3d Cir. 2007);

*In re AT&T Securities Litigation*, 455 F.3d 160 (3d Cir. 2006) ($100 million settlement for the benefit of the class);

*In re Remeron Antitrust Litigation*, 367 F. Supp. 2d 675 (D.N.J. 2005) ($75 million settlement for the benefit of the class);

*U.S. ex rel. Quinn v. Omnicare Inc.*, 382 F.3d 432 (3d Cir. 2004) (in which the court established standards for *Qui Tam* litigation in this circuit and held that pharmaceutical suppliers to long term care facilities in New Jersey had no obligation to reimburse Medicaid for returned medications, even if those medications later were resold by the suppliers);

*Varsolona v. Breen Capital Services Corp.*, 360 N.J. Super. 292 (App. Div. 2003), *aff'd as modified*, 180 N.J. 605 (2004);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 13

*Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc*., 339 F. 3d 180 (3d Cir. 2003);

*In re Honeywell International Securities Litigation*, 211 F.R.D. 255 (D.N.J. 2002), also 182 F. Supp. 2d 414 (D.N.J. 2002) ($100 million settlement obtained for the benefit of the class);

*In re: PSE&G Shareholder Litigation,* 173 N.J. 258 (2002) (the Supreme Court adopted new pleading standards for plaintiffs in shareholder derivative litigation, rejecting the more rigid Delaware standards), also 315 N.J. Super. 323 (Ch. Div. 1998);

*Burgo v. Volkswagen of America*, 183 F. Supp. 2d 683 (D.N.J. 2001);

*California Public Employees Retirement System v. Chubb Corp*, 127 F. Supp. 2d 572 (D.N.J. 2001);

*Noorily v. Thomas & Betts Corp.,* 188 F.3d 153 (3d Cir. 1999), *cert. denied*, 529 U.S. 1053;

*Megatech, Inc. v. NSD Acquisitions LP*, 215 F.3d 1320 (4th Cir. 2000);

*In re: Interneuron Pharmaceuticals Litigation*, 188 F.R.D. 3 (D. Mass. 1999);

*In re: Nice Systems Securities Litigation*, 188 F.R.D. 206 (D.N.J. 1999);

*Burger-Fischer v. DeGussa AG*, 65 F. Supp. 2d 248 (D.N.J. 1999);

*In re: Milestone Scientific Securities Litigation*, 183 F.R.D. 404 (D.N.J. 1998), also 187 F.R.D. 165 (D.N.J. 1999), also 103 F. Supp. 2d 425 (D.N.J. 2000);

*In re: Computron Software Litigation*, 6 F. Supp. 2d 313 (D.N.J. 1998);

*Weikel v. Tower Semiconductor, Ltd*., 183 F.R.D. 377 (D.N.J. 1998) ($16.25 million settlement achieved for the benefit of the class);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 14

*In re: Mobilemedia Securities Litigation*, 28 F. Supp. 2d 901 (D.N.J. 1998);

*Matter of TDA Industries, Inc.*, 240 A.D. 2d 262 (N.Y.A.D. 1 Dept. 1997);

*J.K. Funding, Inc. v. DeCara Enterprises, Ltd.*, 235 A.D. 2d 785 (N.Y.A.D. 3 Dept. 1997), also 270 A.D. 2d 456 (N.Y.A.D. 2 Dept. 2000);

*Grassi v. Information Resources, Inc.*, 63 F. 3d 596 (7th Cir. 1995);

*In Re: General Tire & Rubber Co. Securities Litigation*, 726 F.2d 1057 (6th Cir. 1994);

*Gelles v. TDA Industries*, 44 F.3d 102 (2d Cir. 1994) (establishing new standards in the Second Circuit on the purchaser/seller requirement of SEC Rule 10b-5), also Fed. Sec. L. Rep. 1993 Transfer Binder 97,690 (S.D.N.Y. 1993), also Fed. Sec. L. Rep. 1990 Transfer Binder 96,110 (S.D.N.Y. 1991);

*Easton & Co. v. Mutual Benefit Life Insurance Co.*, Fed. Sec. L. Rep. (CCH) 1993 Transfer Binder 96,595, 97,294 and 97,348 (D.N.J. 1993);

*Resolution Trust Corp. v. DiDomenico*, 837 F. Supp. 623 (D.N.J. 1993);

*V. Rachael Lerch, et. al. v. Citizens First Bancorp, et al.*, 805 F. Supp. 1142 (D.N.J. 1992), also 144 F.R.D. 247 (D.N.J. 1992) ($4 million settlement achieved for the benefit of the class);

*Franz v. Raymond Eisenhardt Sons, Inc.*, 732 F. Supp. 521 (D.N.J. 1990);

*Zinberg v. Washington Bancorp, et al.*, 138 F.R.D. 397 (D.N.J. 1990) ($2.1 million settlement achieved for the benefit of the class);

*Rose Cammer, et al. v. Bruce M. Bloom, et al.*, 711 F. Supp. 1264 (D.N.J. 1989) ($15 million settlement achieved for the benefit of the class);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 15

*Willis v. Rubiera Zim*, 705 F. Supp. 205 (D.N.J. 1988) (clarifying the right of arbitrators to award punitive damages on investors claims);

*Reufenacht v. O'Halleran*, 737 F.2d 320 (3d Cir. 1984), *aff'd, sub. nom. Gould v. Reufenacht*, 471 U.S. 701 (1985) (the Supreme Court disavowed the sale of business doctrine, thereby confirming the right of those who purchase  businesses by acquiring the corporate stock rather than the business assets to the protection of the anti-fraud provisions of the federal securities laws);

*Degenaars v. Degenaars*, 186 N.J. Super. 233 (Ch. Div. 1982);

*Turner v. Aldens, Inc.*, 179 N.J. Super. 596 (App. Div. 1981);

*Roem v. Borough of Dumont*, 176 N.J. Super. 397 (App. Div. 1980);

*In Re: General Public Utilities Corporation Securities Litigation*, Fed. Sec. L. Rep. (CCH) 1983-1984 Transfer Binder, 99,566 (D.N.J. 1983) ($24.5 million settlement achieved for the benefit of the class);

*Abramowitz v. Posner*, 672 F.2d 1025 (2d Cir. 1982), also 513 F. Supp. 120 (S.D.N.Y. 1981) (setting standards for shareholders derivative litigation in the Second Circuit);

*In re: General Tire & Rubber Co. Securities Litigation*, 429 F. Supp. 1032 (J.P.M.L. 1977);

*Scott v. Richstein*, 129 N.J. Super. 516 (Law Div. 1974);

*Crowell v. U.S.* 1972 A.M.C. 2086 (D.N.J. 1972).

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 16

## Matthew F. Gately
mfg@njlawfirm.com

Mr. Gately will be working with Mr. Pearlman on this matter. His practice primarily involves complex commercial/contractual disputes and class/collective actions. Mr. Gately's class action practice is particularly broad, as he has represented both putative class representatives and corporate defendants in cases involving, among other things, securities fraud, ERISA, consumer fraud, and federal and state wage/hour laws. He has also represented direct purchasers in several "reverse-payment" antitrust class actions, including the *K-Dur* and *Lamictal* matters detailed above.

Mr. Gately's experience in civil litigation includes supervising all aspects of discovery, briefing and arguing dispositive and non-dispositive motions, and having tried 6 cases to verdict in court or arbitration.

He is AV rated by Martindale-Hubbell and was invited to become the second Associate Fellow of Litigation Counsel of America in New Jersey. Mr. Gately has also been named a "New Leader of the Bar" by the *New Jersey Law Journal*, a "Rising Star" by *Super Lawyers*, a "Top Lawyer" for Litigation and Commercial Litigation by *(201) Magazine*, and a "Top Lawyer" for Commercial Litigation and Securities by Bergen Magazine. He has also received recognitions for his pro bono service.

Before joining Cohn Lifland, Mr. Gately clerked for the Hon. Madeline Cox Arleo, U.S.D.J., D.N.J., and the Hon. Michael A. Hammer, U.S.M.J., D.N.J., and worked for several years in the commercial litigation group of an AmLaw 100 law firm.

Mr. Gately received his J.D. from Columbia Law School, where he was a Harlan Fiske Stone Scholar and published member of the Columbia Business Law Review. He received his B.A., *magna cum laude*, from Lafayette College. Mr. Gately was admitted in the state courts of New Jersey and New York, the United States Court of Appeals for the Third Circuit, the United States District Court for the District of New Jersey, the United States District Court for Southern District of New York, the United States District Court for the Eastern District of New York, and the United States District Court for the Western District of Arkansas.

He currently serves as Co-Chair of the Bergen County Bar Association's Federal Practice Committee and is a Barrister of the C. Willard Heckel Inn of Court.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Page 17

Additionally, Mr. Gately is a member of the Association of the Federal Bar of New Jersey, the Historical Society for the U.S. District Court for the District of New Jersey, the New Jersey State Bar Association (and its Federal Practice & Procedure Section), and the Association of Criminal Defense Lawyers of New Jersey.  He has both written and presented on issues of federal practice.