SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)
E-mail: cseeger@seegerweiss.com

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)
E-mail: psp@njlawfirm.com

Local Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re PRUDENTIAL FINANCIAL, INC. SECURITIES LITIGATION | ) Civil Action No. 2:19-cv-20839-SRC-CLW |
| | ) |
| | ) CLASS ACTION |
| | ) |
| This Document Relates To: | ) LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF: (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES |
| ALL ACTIONS. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Motion Return Date:  June 13, 2024

4875-3505-6837.v1

Lead Plaintiff City of Warren Police and Fire Retirement System ("Lead Plaintiff"), by its undersigned attorneys, respectfully submits this reply in further support of its motion for final approval of the $35 million Settlement, approval of the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and payment of expenses.

## I. The Settlement, Plan of Allocation, and Fee and Expense Awards Warrant the Court's Approval

In their opening briefs, Lead Plaintiff and Lead Counsel provided ample legal support and factual bases to establish that the Settlement, Plan of Allocation ("POA"), and Fee and Expense Application satisfy all relevant factors and warrant final approval.[1]  Final Approval Brief (ECF 73-1), §§IV; V. A-E; VI; Fee Brief (ECF 74-1), §III.  Lead Plaintiff is pleased to report that, after an extensive notice process, the Settlement Class has overwhelmingly supported the applications that are before this Court.  Each should be approved.

### A. The Overwhelmingly Positive Reaction of the Settlement Class Supports Final Approval of the Settlement and POA

The Third Circuit instructs district courts to consider the "reaction of the class to the settlement." *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).  The question is

---

[1]  Unless otherwise stated or defined, all capitalized terms used herein have the meanings provided in the Stipulation of Settlement (the "Stipulation"), dated February 12, 2024 (ECF 60-2) or in the Declaration of Daniel J. Pfefferbaum in Support of:  (1) Final Approval of Class Action Settlement; (2) Approval of Plan of Allocation; and (3) an Award of Attorneys' Fees and Expenses (ECF 73-3).

- 1 -

not merely whether any class members object, as courts recognize that objections are filed in "nearly every class action settlement today." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 2016 WL 5338012, at \*21 (N.D. Ohio Sept. 23, 2016). Rather, under this second *Girsh* factor, courts consider whether "the number of objectors, in proportion to the total class, indicates that the reaction of the class to the settlement is favorable." *In re Schering-Plough Corp. Enhance Sec. Litig.*, 2013 WL 5505744, at \*2 (D.N.J. Oct. 1, 2013). The Settlement Class's response to the Court-approved notice program here unquestionably supports approval of the Settlement and POA.

As detailed in the Supplemental Declaration of Ross D. Murray ("Supp. Murray Decl."), submitted herewith, 103,815 Postcard Notices were mailed or emailed to potential Settlement Class Members and nominees. In addition, the Summary Notice was transmitted over *Business Wire* and published in *The Wall Street Journal*. *See* ECF 73-5 at ¶11. The Notice, Proof of Claim, Stipulation, Preliminary Approval Order, and other relevant documents were also posted to the website dedicated to the Litigation and Settlement. *Id*. at ¶13.

The May 23, 2024 deadline for objections has now passed, and there have been *zero* objections to the Settlement or POA. Given the size of the Settlement and of the Settlement Class, that there were no objections is noteworthy. When the number of objections is this low (zero here), the "vast disparity between the number of potential

4875-3505-6837.v1

class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) (affirming final approval where there were only three objections to the settlement and one to the plan of allocation).

Because all of the factors under Rule 23 and *Girsh* have been met, including the universal support of the Settlement Class, the Settlement and POA should be approved.

**B.      Lead Counsel's Fees and Expenses Should Also Be Approved**

Lead Counsel's requested fees and expenses also have the overwhelming support of the Settlement Class.  *See In re Lucent Techs., Inc., Sec. Litig.*, 327 F. Supp. 2d 426, 435 (D.N.J. 2004) (approving fee over nine objections and stating that "the lack of a significant number of objections is strong evidence that the fees request is reasonable").  For the reasons stated herein and in the Fee Brief, these requests should also be approved.

Lead Counsel's request for attorneys' fees and expenses, approved by the Lead Plaintiff, is entitled to a presumption of reasonableness.  *See* Fee Brief at 8.  As explained in the Fee Brief, the fee request is supported by each of the Third Circuit *Gunter* factors.[2]  *Id*. at 8-18.  Lead Counsel's representation of Lead Plaintiff and the

---

[2]      *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000).

Settlement Class was wholly contingent and subject to considerable risk; the result achieved was excellent; the result was obtained through hard-fought litigation by skilled and experienced counsel; and the requested fee is at or below fee percentage awards in numerous comparable cases cited therein. *See id.* Should the Court determine to conduct one, the requested fee is also reasonable under a lodestar cross-check. *Id*. at 19-21.

In addition, in assessing attorneys' fees, courts consider "the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel." *Gunter*, 223 F.3d at 195 n.1. In particular, courts look to whether there are objections by "'sophisticated' institutional investors," which have "considerable financial incentive to object [if] they believed the requested fees were excessive." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005), as amended (Feb. 25, 2005).

Here, the Settlement Class overwhelmingly supports the fee request. Not a single investor (institution or individual) objects to the fee request. Rather, after 103,815 Postcard Notices were sent out, not a single investor objected to the fee request. This overwhelmingly positive reaction confirms that the fee should be approved. *See Rite Aid*, 396 F.3d at 305 (noting lack of objection by institutional investors and stating that two objections out of 300,000 receiving notice was a "rare phenomenon").

- 4 -

4875-3505-6837.v1

As discussed in the Fee Brief, the fee request is supported by all of the factors applied by Third Circuit courts and should be granted.  Fee Brief, §§III.A.-III.D.

## II.   Conclusion

The Settlement reached by Lead Counsel is an excellent one.  For the reasons set forth herein and in the previously submitted memoranda and declarations, Lead Plaintiff and Lead Counsel respectfully request that this Court approve the Settlement, POA, and Lead Counsel's requested fees and expenses.  Proposed Orders are being submitted herewith.

DATED:  June 6, 2024                    Respectfully submitted,

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN


                                        *s/ Peter S. Pearlman*
                                        PETER S. PEARLMAN

Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)
psp@njlawfirm.com

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com

- 5 -

4875-3505-6837.v1

Local Counsel for Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
DANIEL J. PFEFFERBAUM
HADIYA K. DESHMUKH
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dpfefferbaum@rgrdlaw.com
hdeshmukh@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

Lead Counsel for Lead Plaintiff

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiff

- 6 -

4875-3505-6837.v1