

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

CITY OF WARREN POLICE AND          CIVIL NUMBER:
FIRE RETIREMENT SYSTEM,

                                   2:19-CV-20839(SRC)

     Plaintiff,

                                   HEARING

     v.

PRUDENTIAL FINANCIAL INC.,
ET AL.,

     Defendants.
_____

     MARTIN LUTHER KING BUILDING & U.S. COURTHOUSE
     50 WALNUT STREET, NEWARK, NEW JERSEY 07101
     THURSDAY, JUNE 13, 2024
     COMMENCING AT 10 A.M.


**B E F O R E:**                   THE HONORABLE STANLEY R. CHESLER,
                                   UNITED STATES DISTRICT JUDGE,


**A P P E A R A N C E S:**


     COHN LIFLAND PEARLMAN HERRMANN & KNOPF, LLP
     BY:  PETER PERLMAN, ESQUIRE
     250 PHLE AVENUE, SUITE 401
     SADDLE BROOK, NEW JERSEY 07663
     FOR THE PLAINTIFF

_____

Laurie A. Engemann, Official Court Reporter
Laurie_Engemann@NJD.UScourts.gov
(973) 776-7714

**Proceedings recorded stenographically.**
**Transcript produced by computer-aided transcription.**

*United States District Court*
*Newark, New Jersey*

**A P P E A R A N C E S:** - **CONTINUED**

ROBBINS GELLER RUDMAN & DOWD LLP
BY:  DAN PFEFFERBAUM, ESQUIRE
655 WEST BROADWAY, SUITE 1900
SAN DIEGO, CALIFORNIA 92101-3301
For the Defendant


DEBEVOISE & PLIMPTON LLP
BY:  MAEVE O'CONNOR, ESQUIRE
BY: SUSAN REAGAN GITTES ESQUIRE
66 HUDSON BOULEVARD,
NEW YORK, NEW YORK 10001
FOR THE DEFENDANT


WALSH PIZZI O'REILLY FALANGA, LLP
BY:  TRICIA O'REILLY ESQUIRE
THREE GATEWAY CENTER, 100 MULBERRY STREET
NEWARK, NEW JERSEY 07102
FOR THE DEFENDANT

**(PROCEEDINGS held in open court before**

**The Honorable STANLEY R. CHESLER,**

**United States District Judge, at 10:04 a.m.)**

THE COURT:  Let me just see counsel at sidebar for one moment.  Okay.

Off the record.

(Discussion held off the record.)

THE COURT:  Okay.  Everybody please enter your appearances.

MR. PEARLMAN:  Peter Pearlman with Cohn, Lifland, Pearlman, Herrmann & Knope for the plaintiffs.

MR. PFEFFERBAUM:  Dan Pfefferbaum from Robbins, Geller, Rudman & Dowd on behalf of City of Warren Police and Fire Pension Fund.

THE COURT:  Okay.  Let's stop there by the way.  And some of you have heard me say this before but as majestic as this courtroom is, its acoustics bear an inverse relationship to its majesty and it is extremely hard to hear in this courtroom at all under the best of circumstances.  And as you may have noted I'm getting older.  I'm not quite as old as Mr. Pearlman, but nonetheless, getting older; and I am using a hearing aid.  Please be sure to speak into the microphone loudly and clearly.  Okay.

MR. PEARLMAN:  Yes, Your Honor.

THE COURT:  And I apologize for picking on you,

Mr. Pearlman.

MR. PEARLMAN:  I've been practicing law for 54 years now.  I'm used to being picked on.

MR. PFEFFERBAUM:  Dan Pfefferbaum from Robbins, Geller, Rudman & Dowd on behalf of the plaintiffs.

MS. O'CONNOR:  Maeve O'Connor, Debevoise and Plimpton on behalf defendants.

MS. GITTES:  Susan Gittes, Debevoise and Plimpton on behalf of the defendants.

MS. O'REILLY:  Tricia O'Reilly Walsh, Pizzi, O'Reilly, Falanga on behalf of defendants.

THE COURT:  Okay.  Please be seated.

This is a joint application for settlement.  I will very briefly hear from the parties.  Who wishes to speak first?

MR. PFEFFERBAUM:  Dan Pfefferbaum for the plaintiffs. We are here today on the final approval of the $35 million settlement in this 10b-5 class action.

This is a very good result for the class, Your Honor, under the circumstances.  As you are aware the case had been reduced to a single false statement.

We had a shortened class period after the opinion of the Third Circuit.  The case was remanded for further proceedings at the motion to dismiss.  At the 12(b)(6) stage we had to overcome the hurdle of improperly pleading scienter

as this court is well aware is a very difficult pleading hurdle.

The $35 million represents approximately 17 percent of the estimated damages in the case.  As we provide in the papers that is about four times the median percentage recovery and more than twice the median aggregate recovery from 10b-5 cases.

Probably most importantly, Your Honor, we've sent out over 100,000 notices.  We have no rejections and no request for exclusion by any member of the class.

The plaintiff's counsel has requested a fee award of 25 percent.  That amount is fair and reasonable.  And well within the standard range of fees approved in this circuit.

Importantly the fee request is supported by the lead plaintiff City of Warren Police and Fire Retirement System Fund.  While it is not necessary, the lodestar cross-check resulted in a very reasonable number.  And, again, most importantly there are no objections from any member of the class to the request for fees or expenses.

Lastly, Your Honor, we are looking for approval of the plan of allocation which is, again, there have been no objections to the plan of allocation.  I believe that the papers are comprehensive and layout everything necessary for the court to approve the settlement.

The only update I can provide to the court since we

filed our reply on the 6th, there are still no objections, still no request for exclusion.  They would be late, but I would have told you if I had gotten any.

My esteemed collogues have spoken to everyone in the room, and there are no objectors here.  To date we received about 900 claims.  That is not very many.  We expect exponentially more over the coming weeks.  Typically, in this case the deadline is July 30th for the claims, we've seen the vast majority come in the last week, but the claims process is well underway.  Unless Your Honor has any questions for me I will conclude my remarks.

THE COURT:  Thank you.  I will hear from the defense.

MS. O'CONNOR:  Thank you, Your Honor.

Good morning.  I will say on behalf of defendants we appreciate Your Honor's referral.  We appreciate the mediator's assistance.  And we are pleased to put this matter behind us.

THE COURT:  Thank you.

MS. O'CONNOR:  Thank you.

THE COURT:  All right.  There is an application for approval for a settlement in the class action.  The court first has to determine whether or not it is appropriate to certify the issue, final certification of the proposed class. And as the court indicated in its preliminary approval of the class settlement, the court is satisfied that all of the

elements of Rule 23 have been satisfied. I will very briefly go through them so they are placed on the record.

The first requires that the class be so numerous that joinder of all members is impractical. I will stop there. That, quite frankly, is obvious. As it has been indicated we have already got 900 claims. The Third Circuit has essentially held that any number of potential class members over between 25 and 50 is more than adequate to satisfy the numerosity requirement.

Second, that there are common questions of law and/or fact to the class. And the court is indeed satisfied that the common issue must be of such a nature that is capable of class wide resolution.

Which means as a determination of the truth or falsity will resolve an issue that is central to the validity of the claims at one stroke. Security fraud claims easily meet this commonality requirement, which is satisfied where class members have been injured by similar material misrepresentations or omissions as alleged here.

And, therefore, the common question of fact and law is whether or not any material misrepresentations were made with regard to the one statement that is left in this case; and whether or not class members were injured as a result of those alleged false statements; and finally, whether or not those statements were made with adequate scienter, in short,

were intentional.  There is an additional element of materiality and that also is a common question of law and fact.

I believe I've covered all of the common questions of law and fact which would be dealt with in this case.  Is that correct, counsel?

MR. PFEFFERBAUM:  Yes, Your Honor.

THE COURT:  Good.  Next typicality.  The court is satisfied that the class representative, the named plaintiff, indeed presents claims which involve the same conduct by the defendants as those presented by the proposed class that is sought to be certified here.

Again, they essentially allege that they purchased stock and were damaged as a result of the misrepresentations that were alleged in the remaining count of the complaint.  That is more than sufficient to demonstrate typicality.  There is not the slightest suggestion that there are any potential defenses or issues which would be unique to the named class plaintiff that would not apply to all members of the class.

And, therefore, the court is satisfied that indeed the class representatives' claims are indeed typical.

With regard to adequacy Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interest of the class.  It traditionally entailed a two-pronged inquiry.  First the named plaintiff's interest

must be sufficiently aligned with the interest of the absentees, and second that plaintiff's counsel must be qualified to represent the class.

There is not the slightest suggestion that the plaintiff's interest here are in any way not aligned with those of the class members. And the adequacy of representation is more than sufficiently demonstrated by the fact that counsel for plaintiff was sufficiently vigorous and talented to end up having this court's judgment on the pleadings reversed at least with regard to one claim. And quite frankly, while no judge is happy about being reversed the court nevertheless does have to applaud the efforts and talents of plaintiff's counsel in securing that victory. The court is more than satisfied that indeed the adequacy of plaintiff's counsel is demonstrated.

The court is also satisfied that the settlement class satisfied the requirement of Rule 23(b)(3) which authorizes class certification. If the court finds the questions of law and fact common to the class members predominant over any questions affecting the individual class members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Quite frankly, that is perfectly obvious in this case, as it usually is obvious in most 10b-5 security's cases.

In short, when we have a number of claims,

potentially hundreds or thousands of claims, the possibility of adjudicating each of those individual claims individually is overwhelming.  And given the presumption that where there is an efficient market, the fraudulent element of a 10b-5 is satisfied by a presumption that indeed the members of the class relied upon widely disseminated statements in making that purchase is indeed appropriate.

So here these common questions and predominance over the individuals are exemplified by the fact that if every class member brought an individual action, each plaintiff would be required to demonstrate the same omissions, misrepresentations, and indeed their reliance on the misrepresentations.  Thus this case is an example of the principal that the predominance of requirement is readily met as it is in many class actions.

As the court noted earlier, the number of claimants here also argues that a class action is a superior method of adjudicating the claims.  And that is because undoubtedly there are many individual plaintiffs who suffered damages, which are too small to justify a suit against a large corporate defendant.  And the court, therefore, concludes that indeed that element is satisfied.  In short, the court is satisfied that the class should be certified with regard to the common issues of fact and law that the court previously indicated.

So now we go onto whether or not the proposed settlement is fair and adequate.  Essentially the Third Circuit has set forth two parallel standards.  One is set forth in what I would commonly refer to as the Girsh factors and the others are set forth in what I called remarkably the Prudential factors.  The court will go through them.

Taking them in order:  The class representatives and class counsel have adequately represented the class.  The court has already indicated that by describing how despite the adversity which the plaintiffs faced with the court granting a full judgement on the pleadings in favor of Prudential and plaintiff's counsel nevertheless were able to obtain reversal and remand on one alleged misrepresentation.  And this court is fully aware of just what kind of legal effort is required to do that, and what kind of talent is required to do that.

So the court is more than satisfied that they have adequately represented the class.

B, that the proposal was negotiated at arm's length. As noted in the moving papers following remand to this court, the court had a conference with counsel.  And the court strongly suggested that they proceed to mediation.

And the reason, and we will put it on the record, the reason strongly suggested that -- the court strongly suggested that was given for a shortened class period in this case, coupled with the fact that only one alleged misrepresentation

remained, there was a very substantial possibility that the litigation costs and the risks to each side would be more than outweighed by any potential recovery in this case.

Counsel for plaintiff has already indicated that the court was going to have to deal with a continued consideration on a 12(b) -- on a motion to dismiss the pleadings dealing with loss causation and scienter and only then would discovery have been able to take place if the court concluded that indeed the plaintiffs had demonstrated adequately in their complaint that those issues should be decided in their favor.

Therefore and this court is fully aware of just how expensive and extensive class action litigation can become. This court previously presided over the class action litigation brought against Merck concerning its statements relating to its product called Vioxx. In the court's recollection that case ultimately went up to the U.S. Supreme Court and penned for potentially eight to ten years before it was resolved.

In the end, if the court recalls correctly, the court ended up awarding to the plaintiff's counsel somewhere over $300 million in attorneys' fees on that case. In short, that case is a prime example of how a class action can end up resulting with totally disproportionate litigation costs to both sides, given the potential recovery.

And under those circumstances the court recommended

that the parties go to mediation.  It was mediated before retired chief judge of this district court Freda Wolfson. And, quite frankly, the court congratulates her and counsel for having successfully concluded a mediation and reaching a resolution of this matter.  But in short, this case, if continued, would have cost more than it was potentially worth regardless of whether or not plaintiffs prevailed.  And indeed there was a substantial risk that plaintiffs would lose this case totally.

And, again, as I indicated the length that could be involved could be extraordinary as it frequently is in security's fraud cases.  All of those factors favor approving the class.

With regard to the effectiveness of any proposed method of distributing relief to the class, the court has examined it.  The court has no calms about the fairness and efficiency of the claims processing method.  The terms of any proposed award of attorneys' fees including timing of payment.

And the court will note that in a recent Third Circuit case, the Third Circuit pointed out what it regarded as certain red flags which would cause a court concern in deciding whether or not to approve a class action certification.  Those red flags revolved around issues concerning whether or not the decision to settle the case was potentially collusive.  In short, whether or not counsel for

plaintiff and counsel for defendant had essentially reached a tacit agreement which was concealed from the class and would which potentially would favor class counsel in terms of attorney's fees and settlement.  So among other things the Third Circuit did flag provisions in a settlement agreement which required either that the defendant not oppose a request for attorney's fees or that included a reversion of unclaimed funds to the defendant.

If I recall correctly those were the key concerns that were recently expressed by the Third Circuit.  Is that correct, counsel?

MR. PFEFFERBAUM:  I believe so, Your Honor.  Yes.

THE COURT:  And the court has carefully looked at this element, and, again, correct me if I'm wrong, there are none of those types of provisions here.  Correct?

MR. PFEFFERBAUM:  That is correct, Your Honor.

THE COURT:  Okay.

The court, therefore, is satisfied that indeed the terms of any proposed awards of attorneys' fees and timing of payment do not impact the propriety of approving this class. And the court will note, by the way, that this also does not involve any situation in which part of the settlement consists of coupons or similar issues which are difficult to value and then seeks an award of attorneys' fees based upon that assumed value.

In fact, this attorney's fee award application is based upon a percentage of a fund which indeed will either be fully distributed to all of the class members or alternatively will be decided by the court, what residue might, in fact, be done.  That was rather awkwardly worded.  What would be done with the residue.

Is my recollection correct.

MR. PFEFFERBAUM:  Your Honor, any remainder after a secondary distribution, there is a clause that we will select an appropriate nonsectarian charitable institution which does typically provides investor education, if there is any remaining funds after all efforts have been made to distribute.

THE COURT:  Okay.  And, again, the court is satisfied that that does not raise any concerns that were raised by the Third Circuit.

Finally, any agreement required to be identified under Rule 23(e)(3); and, again, the court does not find that there are any such agreements.

To a certain degree these overlap with some of the factors set forth in *Prudential* and that those factors include the maturity of the underlying substantive issues as measured by experience in adjudicating individual claims, actions, the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to

assess the probable outcome of trial on the merits of liabilities and individual damages, the existence and probable outcome of the claims by other classes and subclasses, the comparison between the results achieved by the settlement for individual class or subclass members, and those achieved a likely be achieved for other claimants or the class or subclass members who are afforded the right to opt out of the settlement.  And whether any provisions for attorneys' fees are reasonable and whether the procedure for processing individual claims under the settlement is fair and reasonable.

Now, quite frankly, and I'm not going to go through all of the *Prudential* factors, the only issue that is potentially raised is the fact that no formal discovery has been conducted here.  And the reason no formal discovery has been conducted here is because at this point in the proceedings with a 12(b)(6) motion still pending, the PSLRA bars plaintiffs from obtaining any discovery until the 12(b)(6) motion is resolved.

This court is satisfied that nevertheless despite the fact that no discovery has been conducted the record before it indicates that plaintiff's counsel conducted what can essentially be referred to as informal discovery in fact in seeking to obtain the information which provided the factual basis for the filing of this complaint.  And the complaint itself indicates that plaintiff's counsel contacted and

consulted numerous individuals who provided information relating to these claims and supporting them.

And given this court's analysis that further proceedings and further discovery and motion practice might indeed totally outweigh any potential recovery by a class during such a short period, the court is more than satisfied that this case negotiated at arm's length by the parties, mediated by a very experienced retired federal court judge is indeed fair and equitable.

Finally, the court will note as counsel for plaintiff indicated there are no objections.  There are no opt outs.  In a case like this, that speaks wonders.  And when the court, therefore, includes that factor into its analysis, as I previously indicated, the court indeed is satisfied that this is a fair and reasonable settlement.  That the distribution method is appropriate.  And that there are no red flags which would warrant the court in questioning whether or not that is indeed the case.

So the court indeed will approve the settlement in this case.

Off of the record.

(Discussion held off the record.)

THE COURT:  Let me go back.  If I recall correctly the papers submitted to the court indicate that the amount to be paid to the plaintiff class is approximately 17 percent of

what would be their recovery on their best day.  That quite frankly is an extremely high percentage.  In the court's experience securities class action cases which settle typically settle for between 1 and 5 percent of the gross amount of damages that the plaintiff's quote, expert, unquote asserts.  So this recovery is indeed a very substantial one given that history.  That is a mere addendum to the court's prior notation.

So, finally, we are left with the attorney's fee application.  Plaintiff's counsel has sought a total attorney's fee award of 25 percent of the gross settlement. The court agrees with plaintiff's counsel that that is lower than the range of fee awards that had been made by court's in similar situations.

The court notes that data suggests that larger settlements end up with smaller percentages, and as the settlement amount decreases, the percentage of a reasonable fee award tends to increase.  That is because of the fact that indeed despite the fact that a large settlement may have occurred, that does not necessarily reflect either the risks or the time or the effort that plaintiff's counsel put into settling the case.

Now plaintiff's counsel has also indicated that that 25 percent fee request is approximately, and I believe it was three times what a lodestar analysis would be.  Is that

correct?

MR. PFEFFERBAUM: That is accurate, Your Honor.

THE COURT: Okay. If I recall correctly you have not, in fact, given me a lodestar calculation or the data for it. Is that correct?

MR. PFEFFERBAUM: We have, Your Honor.

THE COURT: Oh I apologize then.

MR. PFEFFERBAUM: We have given you both the total hours which I believe is about 3600. And we also provided a break down by biller of every one that worked on the matter with their hourly rate.

THE COURT: Thank you.

At any rate, the court is satisfied that such a multiplier is indeed a reasonable cross-check against the 25 percent requested by counsel. And the court will grant that fee application.

Finally, as I've indicated, the court is more than satisfied that the allocation method that has been presented to the court, is appropriate under the circumstances, and that will be approved.

I assume -- the court has also evaluated the plaintiff's claim for costs and reimbursement. And the court is satisfied that those are indeed supported and reasonable. That request will also be approved.

Now have I missed anything?

MR. PFEFFERBAUM:  No you have not, Your Honor.

MS. O'CONNOR:  No, Your Honor.

THE COURT:  Good.  Then the court will proceed to sign the submitted proposed orders.  And, again, congratulates all of the parties in this case for indeed having demonstrated that they are, both parties and attorneys, that they are fine lawyers and reasonable people.  And I congratulate you.  And, quite frankly, I think that this was indeed a superb result for both sides.

So thank you again, and let me see counsel at sidebar one more time.

MR. PEARLMAN:  While we are still on the record on behalf of plaintiffs, plaintiff class, lead plaintiff, plaintiff's counsel, and i think defendant's counsel also, we thank Your Honor for pushing us as you did and for recommending Judge Wolfson to mediate this case.  And thank Judge Wolfson for the tuff way in which she brought us to a very good result for both parties.

THE COURT:  First of all, I thank you.  And I will convey your thanks to Judge Wolfson.

Now let me see you folks at sidebar.

(Discussion held off the record.)

(The proceedings are concluded at 10:45 a.m.)

\*           \*           \*

## FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE

I, **Laurie A. Engemann, CCR, CRCR, RPR,** Official Court Reporter of the United States District Court for the District of New Jersey, do hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_/S/ Laurie A. Engemann CCR, CRCR, RPR_          _JUNE 29, 2024_

_Signature of Official Court Reporter          Date_

*United States District Court*
*Newark, New Jersey*

| $ |
|---|

**$300** [1] - 12:21
**$35** [2] - 4:17, 5:3

| / |
|---|

**/S** [1] - 21:13

| 0 |
|---|

**07101** [1] - 1:11
**07102** [1] - 2:13
**07663** [1] - 1:19

| 1 |
|---|

**1** [1] - 18:4
**10** [1] - 1:12
**100** [1] - 2:12
**100,000** [1] - 5:9
**10001** [1] - 2:9
**10:04** [1] - 3:3
**10:45** [1] - 20:25
**10b-5** [4] - 4:18, 5:6, 9:24, 10:4
**12(b** [1] - 12:6
**12(b)(6** [3] - 4:24, 16:16, 16:18
**13** [1] - 1:11
**17** [2] - 5:3, 17:25
**1900** [1] - 2:4

| 2 |
|---|

**2024** [2] - 1:11, 21:13
**23** [1] - 7:1
**23(a)(4** [1] - 8:22
**23(b)(3** [1] - 9:17
**23(e)(3** [1] - 15:18
**25** [5] - 5:12, 7:8, 18:11, 18:24, 19:15
**250** [1] - 1:19
**29** [1] - 21:13
**2:19-CV-20839(SRC** [1] - 1:5

| 3 |
|---|

**30th** [1] - 6:8
**3600** [1] - 19:9

| 4 |
|---|

**401** [1] - 1:19

| 5 |
|---|

**5** [1] - 18:4
**50** [2] - 1:11, 7:8
**54** [1] - 4:2

| 6 |
|---|

**655** [1] - 2:4
**66** [1] - 2:8
**6th** [1] - 6:1

| 7 |
|---|

**776-7714** [1] - 1:23

| 9 |
|---|

**900** [2] - 6:6, 7:6
**92101-3301** [1] - 2:4
**973** [1] - 1:23

| A |
|---|

**A** [9] - 1:16, 1:22, 2:1, 21:5, 21:13
**a** [67] - 3:21, 4:13, 4:19, 4:21, 4:22, 5:1, 5:11, 5:17, 6:21, 7:12, 7:14, 7:23, 8:2, 8:14, 8:24, 9:20, 9:25, 10:4, 10:5, 10:17, 10:20, 11:10, 11:20, 11:24, 12:1, 12:5, 12:6, 12:22, 13:4, 13:8, 13:19, 13:21, 13:22, 14:1, 14:5, 14:6, 14:7, 15:2, 15:8, 15:9, 15:20, 16:5, 16:16, 17:5, 17:6, 17:8, 17:12, 17:15, 18:6, 18:7, 18:10, 18:17, 18:19, 18:25, 19:4, 19:9, 19:13, 19:14, 20:8, 20:17, 21:7
**a.m** [2] - 3:3, 20:25
**A.M** [1] - 1:12
**ability** [1] - 15:25
**able** [2] - 11:12, 12:8
**about** [5] - 5:5, 6:6, 9:11, 13:16, 19:9
**above** [1] - 21:9
**above-entitled** [1] - 21:9
**absentees** [1] - 9:2
**accurate** [1] - 19:2
**achieved** [3] - 16:4, 16:5, 16:6
**acoustics** [1] - 3:17
**action** [10] - 4:18, 6:21, 9:21, 10:10, 10:17, 12:12, 12:13, 12:22, 13:22, 18:3
**actions** [2] - 10:15, 15:23
**addendum** [1] - 18:7

**additional** [1] - 8:1
**adequacy** [3] - 8:22, 9:6, 9:14
**adequate** [3] - 7:8, 7:25, 11:2
**adequately** [4] - 8:23, 11:8, 11:17, 12:9
**adjudicating** [4] - 9:22, 10:2, 10:18, 15:23
**adversity** [1] - 11:10
**affecting** [1] - 9:20
**afforded** [1] - 16:7
**after** [3] - 4:22, 15:8, 15:12
**again** [9] - 5:17, 5:21, 8:13, 13:10, 14:14, 15:14, 15:18, 20:4, 20:10
**against** [3] - 10:20, 12:14, 19:14
**aggregate** [1] - 5:6
**agreement** [3] - 14:2, 14:5, 15:17
**agreements** [1] - 15:19
**agrees** [1] - 18:12
**aid** [1] - 3:22
**aided** [1] - 1:25
**AL** [1] - 1:8
**aligned** [2] - 9:1, 9:5
**all** [12] - 3:19, 6:20, 6:25, 7:4, 8:4, 8:19, 13:12, 15:3, 15:12, 16:12, 20:5, 20:19
**allege** [1] - 8:13
**alleged** [5] - 7:19, 7:24, 8:15, 11:13, 11:25
**allocation** [3] - 5:21, 5:22, 19:18
**already** [3] - 7:6, 11:9, 12:4
**also** [9] - 8:2, 9:16, 10:17, 14:21, 18:23, 19:9, 19:21, 19:24, 20:14
**alternatively** [1] - 15:3
**am** [1] - 3:21
**among** [1] - 14:4
**amount** [4] - 5:12, 17:24, 18:5, 18:17
**an** [10] - 3:17, 6:20, 7:15, 8:1, 10:4, 10:10, 10:13, 14:24, 15:10, 18:2
**analysis** [3] - 17:3, 17:13, 18:25
**AND** [1] - 1:4
**and** [119] - 3:13, 3:15,

3:18, 3:19, 3:21, 3:23, 3:25, 4:6, 4:8, 5:6, 5:9, 5:12, 5:15, 5:17, 5:23, 6:5, 6:16, 6:24, 7:8, 7:11, 7:20, 7:23, 7:24, 8:2, 8:5, 8:14, 8:20, 8:23, 9:2, 9:6, 9:8, 9:10, 9:12, 9:19, 9:20, 9:22, 10:3, 10:8, 10:12, 10:18, 10:21, 10:24, 11:2, 11:5, 11:7, 11:11, 11:13, 11:15, 11:20, 11:22, 12:2, 12:7, 12:11, 12:12, 12:17, 12:25, 13:3, 13:4, 13:7, 13:10, 13:16, 13:19, 14:1, 14:2, 14:4, 14:13, 14:14, 14:19, 14:21, 14:23, 15:14, 15:18, 15:21, 15:25, 16:2, 16:3, 16:5, 16:8, 16:9, 16:10, 16:11, 16:14, 16:24, 16:25, 17:2, 17:3, 17:4, 17:9, 17:12, 17:15, 17:16, 18:4, 18:16, 18:24, 19:9, 19:15, 19:19, 19:22, 19:23, 20:4, 20:6, 20:7, 20:10, 20:14, 20:15, 20:16, 20:19
**and/or** [1] - 7:10
**any** [23] - 5:10, 5:18, 6:3, 6:10, 7:7, 7:21, 8:17, 9:5, 9:19, 12:3, 13:14, 13:17, 14:19, 14:22, 15:8, 15:11, 15:15, 15:17, 15:19, 16:8, 16:17, 17:5, 19:13
**anything** [1] - 19:25
**apologize** [2] - 3:25, 19:7
**appearances** [1] - 3:9
**applaud** [1] - 9:12
**application** [5] - 4:13, 6:20, 15:1, 18:10, 19:16
**apply** [1] - 8:19
**appreciate** [2] - 6:15
**appropriate** [5] - 6:22, 10:7, 15:10, 17:16, 19:19
**approval** [4] - 4:17, 5:20, 6:21, 6:24
**approve** [3] - 5:24, 13:22, 17:19
**approved** [3] - 5:13,

19:20, 19:24
**approving** [2] - 13:12, 14:20
**approximately** [3] - 5:3, 17:25, 18:24
**are** [31] - 4:17, 4:20, 5:18, 5:20, 5:23, 6:1, 6:5, 6:16, 7:2, 7:10, 8:17, 8:21, 9:5, 10:9, 10:19, 10:20, 11:5, 14:14, 14:23, 15:19, 16:7, 16:9, 17:11, 17:16, 18:9, 19:23, 20:6, 20:12, 20:25
**argues** [1] - 10:17
**arm's** [2] - 11:18, 17:7
**around** [1] - 13:23
**as** [30] - 3:16, 3:19, 3:20, 4:20, 5:1, 5:4, 6:24, 7:5, 7:14, 7:19, 7:23, 8:11, 8:14, 9:23, 10:15, 10:16, 11:4, 11:19, 13:10, 13:11, 13:21, 15:22, 16:22, 17:10, 17:13, 18:16, 19:17, 20:15
**asserts** [1] - 18:6
**assess** [1] - 16:1
**assistance** [1] - 6:16
**assume** [1] - 19:21
**assumed** [1] - 14:24
**AT** [1] - 1:12
**ATTORNEY** [1] - 1:17
**attorney's** [5] - 14:4, 14:7, 15:1, 18:9, 18:11
**attorneys** [1] - 20:6
**attorneys'** [5] - 12:21, 13:18, 14:19, 14:24, 16:8
**authorizes** [1] - 9:17
**available** [1] - 9:21
**AVENUE** [1] - 1:19
**award** [6] - 5:11, 13:18, 14:24, 15:1, 18:11, 18:18
**awarding** [1] - 12:20
**awards** [2] - 14:19, 18:13
**aware** [4] - 4:20, 5:1, 11:14, 12:11
**awkwardly** [1] - 15:5

| B |
|---|

**bars** [1] - 16:17
**based** [2] - 14:24, 15:2
**basis** [1] - 16:24
**be** [28] - 3:22, 4:12, 6:2, 7:3, 7:12, 8:5,

8:12, 8:18, 9:1, 9:2, 10:11, 10:23, 12:2, 12:10, 13:10, 13:11, 15:2, 15:4, 15:5, 15:17, 16:6, 16:22, 17:25, 18:1, 18:25, 19:20, 19:24
**bear** [2] - 3:17, 15:25
**because** [3] - 10:18, 16:15, 18:18
**become** [1] - 12:12
**before** [5] - 3:1, 3:16, 12:17, 13:1, 16:20
**behalf** [7] - 3:13, 4:5, 4:7, 4:9, 4:11, 6:14, 20:13
**behind** [1] - 6:17
**being** [2] - 4:3, 9:11
**believe** [5] - 5:22, 8:4, 14:12, 18:24, 19:9
**best** [2] - 3:19, 18:1
**between** [3] - 7:8, 16:4, 18:4
**biller** [1] - 19:10
**both** [5] - 12:24, 19:8, 20:6, 20:9, 20:18
**BOULEVARD** [1] - 2:8
**break** [1] - 19:10
**briefly** [2] - 4:14, 7:1
**BROADWAY** [1] - 2:4
**BROOK** [1] - 1:19
**brought** [3] - 10:10, 12:14, 20:17
**BUILDING** [1] - 1:10
**BY** [5] - 1:18, 2:3, 2:7, 2:8, 2:12

### C

**calculation** [1] - 19:4
**CALIFORNIA** [1] - 2:4
**called** [2] - 11:5, 12:15
**calms** [1] - 13:16
**can** [4] - 5:25, 12:12, 12:22, 16:21
**capable** [1] - 7:12
**carefully** [1] - 14:13
**case** [24] - 4:20, 4:23, 5:4, 6:8, 7:22, 8:5, 9:23, 10:13, 11:24, 12:3, 12:16, 12:21, 12:22, 13:5, 13:9, 13:20, 13:24, 17:7, 17:12, 17:18, 17:20, 18:22, 20:5, 20:16
**cases** [4] - 5:7, 9:24, 13:12, 18:3
**causation** [1] - 12:7
**cause** [1] - 13:21
**CCR** [2] - 21:5, 21:13

**CENTER** [1] - 2:12
**central** [1] - 7:15
**certain** [2] - 13:21, 15:20
**CERTIFICATE** [1] - 21:3
**certification** [3] - 6:23, 9:18, 13:23
**certified** [2] - 8:12, 10:23
**certify** [2] - 6:23, 21:7
**charitable** [1] - 15:10
**check** [2] - 5:16, 19:14
**CHESLER** [2] - 1:14, 3:2
**chief** [1] - 13:2
**Circuit** [8] - 4:23, 7:6, 11:3, 13:20, 14:5, 14:10, 15:16
**circuit** [1] - 5:13
**circumstances** [4] - 3:19, 4:20, 12:25, 19:19
**City** [2] - 3:13, 5:15
**CITY** [1] - 1:4
**CIVIL** [1] - 1:4
**claim** [2] - 9:10, 19:22
**claimants** [2] - 10:16, 16:6
**claims** [17] - 6:6, 6:8, 6:9, 7:6, 7:16, 8:10, 8:21, 9:25, 10:1, 10:2, 10:18, 13:17, 15:23, 16:3, 16:10, 17:2
**class** [53] - 4:18, 4:19, 4:22, 5:10, 5:19, 6:21, 6:23, 6:25, 7:3, 7:7, 7:11, 7:12, 7:18, 7:23, 8:9, 8:11, 8:18, 8:19, 8:21, 8:24, 9:3, 9:6, 9:16, 9:18, 9:19, 9:20, 9:21, 10:6, 10:10, 10:15, 10:17, 10:23, 11:7, 11:8, 11:17, 11:24, 12:12, 12:13, 12:22, 13:13, 13:15, 13:22, 14:2, 14:3, 14:20, 15:3, 16:5, 16:6, 17:5, 17:25, 18:3, 20:13
**classes** [1] - 16:3
**clause** [1] - 15:9
**clearly** [1] - 3:23
**COHN** [1] - 1:18
**Cohn** [1] - 3:10
**collogues** [1] - 6:4
**collusive** [1] - 13:25
**come** [1] - 6:9
**coming** [1] - 6:7

**COMMENCING** [1] - 1:12
**common** [8] - 7:10, 7:12, 7:20, 8:2, 8:4, 9:19, 10:8, 10:24
**commonality** [1] - 7:17
**commonly** [1] - 11:4
**comparison** [1] - 16:4
**complaint** [4] - 8:15, 12:10, 16:24
**comprehensive** [1] - 5:23
**computer** [1] - 1:25
**computer-aided** [1] - 1:25
**concealed** [1] - 14:2
**concern** [1] - 13:21
**concerning** [2] - 12:14, 13:24
**concerns** [2] - 14:9, 15:15
**conclude** [1] - 6:11
**concluded** [3] - 12:8, 13:4, 20:25
**concludes** [1] - 10:21
**conduct** [1] - 8:10
**conducted** [4] - 16:14, 16:15, 16:20, 16:21
**conference** [1] - 11:20
**congratulate** [1] - 20:7
**congratulates** [2] - 13:3, 20:4
**consideration** [1] - 12:5
**consists** [1] - 14:22
**consulted** [1] - 17:1
**contacted** [1] - 16:25
**CONTINUED** [1] - 2:1
**continued** [2] - 12:5, 13:6
**controversy** [1] - 9:22
**convey** [1] - 20:20
**corporate** [1] - 10:21
**correct** [9] - 8:6, 14:11, 14:14, 14:15, 14:16, 15:7, 19:1, 19:5, 21:8
**correctly** [4] - 12:19, 14:9, 17:23, 19:3
**cost** [1] - 13:6
**costs** [3] - 12:2, 12:23, 19:22
**could** [2] - 13:10, 13:11
**counsel** [28] - 3:4, 5:11, 8:6, 9:2, 9:8, 9:13, 9:15, 11:8, 11:12, 11:20, 12:4,

12:20, 13:3, 13:25, 14:1, 14:3, 14:11, 16:21, 16:25, 17:10, 18:10, 18:12, 18:21, 18:23, 19:15, 20:10, 20:14
**count** [1] - 8:15
**coupled** [1] - 11:25
**coupons** [1] - 14:23
**COURT** [20] - 1:1, 3:4, 3:8, 3:15, 3:25, 4:12, 6:12, 6:18, 6:20, 8:8, 14:13, 14:17, 15:14, 17:23, 19:3, 19:7, 19:12, 20:3, 20:19, 21:3
**Court** [5] - 1:22, 12:17, 21:5, 21:6, 21:14
**court** [64] - 3:1, 5:1, 5:24, 5:25, 6:21, 6:24, 6:25, 7:11, 8:8, 8:20, 9:12, 9:14, 9:16, 9:18, 10:16, 10:21, 10:22, 10:24, 11:6, 11:9, 11:10, 11:13, 11:16, 11:19, 11:20, 11:23, 12:5, 12:8, 12:11, 12:13, 12:19, 12:25, 13:2, 13:3, 13:15, 13:16, 13:19, 13:21, 14:13, 14:18, 14:21, 15:4, 15:14, 15:18, 16:19, 17:6, 17:8, 17:10, 17:12, 17:14, 17:17, 17:19, 17:24, 18:12, 18:15, 19:13, 19:15, 19:17, 19:19, 19:21, 19:22, 20:3
**court's** [6] - 9:9, 12:15, 17:3, 18:2, 18:7, 18:13
**COURTHOUSE** [1] - 1:10
**courtroom** [2] - 3:17, 3:19
**covered** [1] - 8:4
**CRCR** [2] - 21:5, 21:13
**cross** [2] - 5:16, 19:14
**cross-check** [2] - 5:16, 19:14

### D

**damaged** [1] - 8:14
**damages** [4] - 5:4, 10:19, 16:2, 18:5
**DAN** [1] - 2:3
**Dan** [3] - 3:12, 4:4,

4:16
**data** [2] - 18:15, 19:4
**Date** [1] - 21:14
**date** [1] - 6:5
**deadline** [1] - 6:8
**deal** [1] - 12:5
**dealing** [1] - 12:6
**dealt** [1] - 8:5
**Debevoise** [2] - 4:6, 4:8
**DEBEVOISE** [1] - 2:7
**decided** [2] - 12:10, 15:4
**deciding** [1] - 13:22
**decision** [1] - 13:24
**decreases** [1] - 18:17
**Defendant** [1] - 2:5
**defendant** [4] - 10:21, 14:1, 14:6, 14:8
**DEFENDANT** [2] - 2:9, 2:13
**defendant's** [1] - 20:14
**Defendants** [1] - 1:9
**defendants** [5] - 4:7, 4:9, 4:11, 6:14, 8:11
**DEFENDER** [1] - 2:2
**defense** [1] - 6:12
**defenses** [1] - 8:18
**degree** [1] - 15:20
**demonstrate** [2] - 8:16, 10:11
**demonstrated** [4] - 9:7, 9:15, 12:9, 20:5
**describing** [1] - 11:9
**despite** [3] - 11:9, 16:19, 18:19
**determination** [1] - 7:14
**determine** [1] - 6:22
**development** [1] - 15:24
**DIEGO** [1] - 2:4
**difficult** [2] - 5:1, 14:23
**discovery** [8] - 12:7, 15:24, 16:13, 16:14, 16:17, 16:20, 16:22, 17:4
**Discussion** [3] - 3:7, 17:22, 20:23
**dismiss** [2] - 4:24, 12:6
**disproportionate** [1] - 12:23
**disseminated** [1] - 10:6
**distribute** [1] - 15:13
**distributed** [1] - 15:3
**distributing** [1] -

13:15
**distribution** [2] - 15:9, 17:15
**District** [3] - 3:3, 21:6
**DISTRICT** [3] - 1:1, 1:1, 1:14
**district** [1] - 13:2
**done** [2] - 15:5
**Dowd** [2] - 3:13, 4:5
**DOWD** [1] - 2:3
**down** [1] - 19:10
**during** [1] - 17:6

## E

**earlier** [1] - 10:16
**easily** [1] - 7:16
**education** [1] - 15:11
**effectiveness** [1] - 13:14
**efficiency** [1] - 13:17
**efficient** [1] - 10:4
**efficiently** [1] - 9:22
**effort** [2] - 11:14, 18:21
**efforts** [2] - 9:12, 15:12
**eight** [1] - 12:17
**either** [3] - 14:6, 15:2, 18:20
**element** [4] - 8:1, 10:4, 10:22, 14:14
**elements** [1] - 7:1
**end** [4] - 9:9, 12:19, 12:22, 18:16
**ended** [1] - 12:20
**Engemann** [3] - 1:22, 21:5, 21:13
**entailed** [1] - 8:24
**enter** [1] - 3:8
**entitled** [1] - 21:9
**equitable** [1] - 17:9
**ESQUIRE** [5] - 1:18, 2:3, 2:7, 2:8, 2:12
**essentially** [5] - 7:7, 8:13, 11:2, 14:1, 16:22
**esteemed** [1] - 6:4
**estimated** [1] - 5:4
**ET** [1] - 1:8
**evaluated** [1] - 19:21
**every** [2] - 10:9, 19:10
**everybody** [1] - 3:8
**everyone** [1] - 6:4
**everything** [1] - 5:23
**examined** [1] - 13:16
**example** [2] - 10:13, 12:22
**exclusion** [2] - 5:10, 6:2

**exemplified** [1] - 10:9
**existence** [1] - 16:2
**expect** [1] - 6:6
**expenses** [1] - 5:19
**expensive** [1] - 12:12
**experience** [2] - 15:23, 18:3
**experienced** [1] - 17:8
**expert** [1] - 18:5
**exponentially** [1] - 6:7
**expressed** [1] - 14:10
**extensive** [1] - 12:12
**extent** [1] - 15:24
**extraordinary** [1] - 13:11
**extremely** [2] - 3:18, 18:2

## F

**faced** [1] - 11:10
**fact** [17] - 7:11, 7:20, 8:3, 8:5, 9:8, 9:19, 10:9, 10:24, 11:25, 15:1, 15:4, 16:13, 16:20, 16:22, 18:18, 18:19, 19:4
**factor** [1] - 17:13
**factors** [7] - 11:4, 11:6, 13:12, 15:21, 15:25, 16:12
**factual** [1] - 16:23
**fair** [5] - 5:12, 11:2, 16:10, 17:9, 17:15
**fairly** [2] - 8:23, 9:21
**fairness** [1] - 13:16
**FALANGA** [1] - 2:11
**Falanga** [1] - 4:11
**false** [2] - 4:21, 7:24
**falsity** [1] - 7:15
**favor** [4] - 11:11, 12:10, 13:12, 14:3
**federal** [1] - 17:8
**FEDERAL** [2] - 2:2, 21:3
**fee** [9] - 5:11, 5:14, 15:1, 18:9, 18:11, 18:13, 18:18, 18:24, 19:16
**fees** [9] - 5:13, 5:19, 12:21, 13:18, 14:4, 14:7, 14:19, 14:24, 16:8
**filed** [1] - 6:1
**filing** [1] - 16:24
**final** [2] - 4:17, 6:23
**finally** [5] - 7:24, 15:17, 17:10, 18:9, 19:17
**FINANCIAL** [1] - 1:7

**find** [1] - 15:18
**finds** [1] - 9:18
**fine** [1] - 20:6
**Fire** [2] - 3:14, 5:15
**FIRE** [1] - 1:4
**first** [5] - 4:15, 6:22, 7:3, 8:25, 20:19
**flag** [1] - 14:5
**flags** [3] - 13:21, 13:23, 17:16
**folks** [1] - 20:21
**following** [1] - 11:19
**FOR** [4] - 1:1, 1:20, 2:9, 2:13
**foregoing** [1] - 21:7
**formal** [2] - 16:13, 16:14
**forth** [4] - 11:3, 11:4, 11:5, 15:21
**four** [1] - 5:5
**frankly** [7] - 7:5, 9:11, 9:22, 13:3, 16:11, 18:2, 20:8
**fraud** [2] - 7:16, 13:12
**fraudulent** [1] - 10:4
**Freda** [1] - 13:2
**frequently** [1] - 13:11
**from** [9] - 3:12, 4:4, 4:14, 5:6, 5:18, 6:12, 14:2, 16:17, 21:8
**full** [1] - 11:11
**fully** [3] - 11:14, 12:11, 15:3
**Fund** [2] - 3:14, 5:16
**fund** [1] - 15:2
**funds** [2] - 14:8, 15:12
**further** [3] - 4:23, 17:3, 17:4

## G

**GATEWAY** [1] - 2:12
**GELLER** [1] - 2:3
**Geller** [2] - 3:13, 4:5
**getting** [2] - 3:20, 3:21
**Girsh** [1] - 11:4
**GITTES** [2] - 2:8, 4:8
**Gittes** [1] - 4:8
**given** [7] - 10:3, 11:24, 12:24, 17:3, 18:7, 19:4, 19:8
**gotten** [1] - 6:3
**grant** [1] - 19:15
**granting** [1] - 11:10
**gross** [2] - 18:4, 18:11

## H

**happy** [1] - 9:11
**hard** [1] - 3:18

**hear** [3] - 3:18, 4:14, 6:12
**heard** [1] - 3:16
**hearing** [1] - 3:22
**HEARING** [1] - 1:6
**held** [5] - 3:1, 3:7, 7:7, 17:22, 20:23
**hereby** [1] - 21:7
**HERRMANN** [1] - 1:18
**Herrmann** [1] - 3:11
**high** [1] - 18:2
**history** [1] - 18:7
**Honor** [15] - 3:24, 4:19, 5:8, 5:20, 6:10, 6:13, 8:7, 14:12, 14:16, 15:8, 19:2, 19:6, 20:1, 20:2, 20:15
**Honor's** [1] - 6:15
**HONORABLE** [1] - 1:14
**Honorable** [1] - 3:2
**hourly** [1] - 19:11
**hours** [1] - 19:9
**HUDSON** [1] - 2:8
**hundreds** [1] - 10:1
**hurdle** [2] - 4:25, 5:2

## I

**identified** [1] - 15:17
**impact** [1] - 14:20
**importantly** [3] - 5:8, 5:14, 5:18
**impractical** [1] - 7:4
**improperly** [1] - 4:25
**INC** [1] - 1:7
**include** [1] - 15:21
**included** [1] - 14:7
**includes** [1] - 17:13
**including** [1] - 13:18
**increase** [1] - 18:18
**indeed** [24] - 7:11, 8:10, 8:20, 8:21, 9:14, 10:5, 10:7, 10:12, 10:22, 12:9, 13:7, 14:18, 15:2, 17:5, 17:9, 17:14, 17:18, 17:19, 18:6, 18:19, 19:14, 19:23, 20:5, 20:8
**indicate** [1] - 17:24
**indicated** [10] - 6:24, 7:5, 10:25, 11:9, 12:4, 13:10, 17:11, 17:14, 18:23, 19:17
**indicates** [2] - 16:21, 16:25
**individual** [8] - 9:20, 10:2, 10:10, 10:19,

15:23, 16:2, 16:5, 16:10
**individually** [1] - 10:2
**individuals** [2] - 10:9, 17:1
**informal** [1] - 16:22
**information** [2] - 16:23, 17:1
**injured** [2] - 7:18, 7:23
**inquiry** [1] - 8:25
**institution** [1] - 15:10
**intentional** [1] - 8:1
**interest** [4] - 8:24, 8:25, 9:1, 9:5
**inverse** [1] - 3:17
**investor** [1] - 15:11
**involve** [2] - 8:10, 14:22
**involved** [1] - 13:11
**issue** [4] - 6:23, 7:12, 7:15, 16:12
**issues** [6] - 8:18, 10:24, 12:10, 13:23, 14:23, 15:22
**itself** [1] - 16:25

## J

**Jersey** [1] - 21:7
**JERSEY** [4] - 1:1, 1:11, 1:19, 2:13
**joinder** [1] - 7:4
**joint** [1] - 4:13
**Judge** [4] - 3:3, 20:16, 20:17, 20:20
**JUDGE** [1] - 1:14
**judge** [3] - 9:11, 13:2, 17:8
**judgement** [1] - 11:11
**judgment** [1] - 9:9
**July** [1] - 6:8
**JUNE** [2] - 1:11, 21:13
**justify** [1] - 10:20

## K

**key** [1] - 14:9
**kind** [2] - 11:14, 11:15
**KING** [1] - 1:10
**Knope** [1] - 3:11
**KNOPF** [1] - 1:18
**knowledge** [1] - 15:24

## L

**large** [2] - 10:20, 18:19
**larger** [1] - 18:15
**last** [1] - 6:9
**lastly** [1] - 5:20

**late** [1] - 6:2
**Laurie** [3] - 1:22, 21:5, 21:13
**Laurie_Engemann@ NJD.UScourts.gov** [1] - 1:23
**law** [7] - 4:2, 7:10, 7:20, 8:2, 8:5, 9:18, 10:24
**lawyers** [1] - 20:7
**layout** [1] - 5:23
**lead** [2] - 5:14, 20:13
**least** [1] - 9:10
**left** [2] - 7:22, 18:9
**legal** [1] - 11:14
**length** [3] - 11:18, 13:10, 17:7
**liabilities** [1] - 16:2
**Lifland** [1] - 3:10
**LIFLAND** [1] - 1:18
**like** [1] - 17:12
**likely** [1] - 16:6
**litigation** [4] - 12:2, 12:12, 12:14, 12:23
**LLP** [4] - 1:18, 2:3, 2:7, 2:11
**lodestar** [3] - 5:16, 18:25, 19:4
**looked** [1] - 14:13
**looking** [1] - 5:20
**lose** [1] - 13:8
**loss** [1] - 12:7
**loudly** [1] - 3:23
**lower** [1] - 18:12
**LUTHER** [1] - 1:10

**M**

**made** [4] - 7:21, 7:25, 15:12, 18:13
**MAEVE** [1] - 2:7
**Maeve** [1] - 4:6
**majestic** [1] - 3:16
**majesty** [1] - 3:18
**majority** [1] - 6:9
**making** [1] - 10:6
**many** [3] - 6:6, 10:15, 10:19
**market** [1] - 10:4
**MARTIN** [1] - 1:10
**material** [2] - 7:18, 7:21
**materiality** [1] - 8:2
**matter** [4] - 6:16, 13:5, 19:10, 21:9
**maturity** [1] - 15:22
**may** [2] - 3:20, 18:19
**means** [1] - 7:14
**measured** [1] - 15:22
**median** [2] - 5:5, 5:6

**mediate** [1] - 20:16
**mediated** [2] - 13:1, 17:8
**mediation** [3] - 11:21, 13:1, 13:4
**mediator's** [1] - 6:16
**meet** [1] - 7:17
**member** [3] - 5:10, 5:18, 10:10
**members** [12] - 7:4, 7:7, 7:18, 7:23, 8:19, 9:6, 9:19, 9:20, 10:5, 15:3, 16:5, 16:7
**Merck** [1] - 12:14
**mere** [1] - 18:7
**merits** [2] - 15:25, 16:1
**met** [1] - 10:14
**method** [5] - 10:17, 13:15, 13:17, 17:16, 19:18
**methods** [1] - 9:21
**microphone** [1] - 3:22
**might** [2] - 15:4, 17:4
**million** [3] - 4:17, 5:3, 12:21
**misrepresentation** [2] - 11:13, 11:25
**misrepresentations** [5] - 7:19, 7:21, 8:14, 10:12, 10:13
**missed** [1] - 19:25
**moment** [1] - 3:5
**morning** [1] - 6:14
**most** [3] - 5:8, 5:17, 9:24
**motion** [5] - 4:24, 12:6, 16:16, 16:18, 17:4
**moving** [1] - 11:19
**MR** [15] - 3:10, 3:12, 3:24, 4:2, 4:4, 4:16, 8:7, 14:12, 14:16, 15:8, 19:2, 19:6, 19:8, 20:1, 20:12
**MS** [6] - 4:6, 4:8, 4:10, 6:13, 6:19, 20:2
**MULBERRY** [1] - 2:12
**multiplier** [1] - 19:14
**must** [3] - 7:12, 9:1, 9:2

**N**

**N** [2] - 1:16, 2:1
**named** [3] - 8:9, 8:18, 8:25
**nature** [1] - 7:12
**necessarily** [1] - 18:20
**necessary** [2] - 5:16,

5:23
**negotiated** [2] - 11:18, 17:7
**nevertheless** [3] - 9:12, 11:12, 16:19
**NEW** [6] - 1:1, 1:11, 1:19, 2:9, 2:13
**New** [1] - 21:7
**NEWARK** [2] - 1:11, 2:13
**next** [1] - 8:8
**none** [1] - 14:15
**nonetheless** [1] - 3:21
**nonsectarian** [1] - 15:10
**not** [26] - 3:20, 5:16, 6:6, 6:22, 7:21, 7:23, 7:24, 8:17, 8:19, 9:4, 9:5, 11:1, 13:7, 13:22, 13:24, 13:25, 14:6, 14:20, 14:21, 15:15, 15:18, 16:11, 17:17, 18:20, 19:4, 20:1
**notation** [1] - 18:8
**note** [3] - 13:19, 14:21, 17:10
**noted** [3] - 3:20, 10:16, 11:19
**notes** [1] - 18:15
**notices** [1] - 5:9
**NUMBER** [1] - 1:4
**number** [4] - 5:17, 7:7, 9:25, 10:16
**numerosity** [1] - 7:9
**numerous** [2] - 7:3, 17:1

**O**

**O'Connor** [1] - 4:6
**O'CONNOR** [5] - 2:7, 4:6, 6:13, 6:19, 20:2
**O'Reilly** [2] - 4:10, 4:11
**O'REILLY** [3] - 2:11, 2:12, 4:10
**objections** [4] - 5:18, 5:22, 6:1, 17:11
**objectors** [1] - 6:5
**obtain** [2] - 11:12, 16:23
**obtaining** [1] - 16:17
**obvious** [3] - 7:5, 9:23, 9:24
**occurred** [1] - 18:20
**OF** [4] - 1:1, 1:4, 1:17, 2:2
**OFFICE** [2] - 1:17, 2:2
**Official** [3] - 1:22,

21:5, 21:14
**OFFICIAL** [1] - 21:3
**old** [1] - 3:20
**older** [2] - 3:20, 3:21
**omissions** [2] - 7:19, 10:11
**one** [10] - 3:5, 7:16, 7:22, 9:10, 11:3, 11:13, 11:25, 18:6, 19:10, 20:11
**open** [1] - 3:1
**opinion** [1] - 4:22
**oppose** [1] - 14:6
**opt** [2] - 16:7, 17:11
**order** [1] - 11:7
**orders** [1] - 20:4
**other** [5] - 9:21, 14:4, 15:25, 16:3, 16:6
**others** [1] - 11:5
**our** [1] - 6:1
**outcome** [2] - 16:1, 16:3
**outs** [1] - 17:11
**outweigh** [1] - 17:5
**outweighed** [1] - 12:3
**overcome** [1] - 4:25
**overlap** [1] - 15:20
**overwhelming** [1] - 10:3

**P**

**paid** [1] - 17:25
**papers** [4] - 5:5, 5:23, 11:19, 17:24
**parallel** [1] - 11:3
**part** [1] - 14:22
**parties** [7] - 4:14, 8:23, 13:1, 17:7, 20:5, 20:6, 20:18
**payment** [2] - 13:18, 14:20
**Pearlman** [4] - 3:10, 3:11, 3:21, 4:1
**PEARLMAN** [5] - 1:18, 3:10, 3:24, 4:2, 20:12
**pending** [1] - 16:16
**penned** [1] - 12:17
**Pension** [1] - 3:14
**people** [1] - 20:7
**percent** [7] - 5:3, 5:12, 17:25, 18:4, 18:11, 18:24, 19:15
**percentage** [4] - 5:5, 15:2, 18:2, 18:17
**percentages** [1] - 18:16
**perfectly** [1] - 9:23
**period** [3] - 4:22,

11:24, 17:6
**PERLMAN** [1] - 1:18
**Peter** [1] - 3:10
**PETER** [1] - 1:18
**PFEFFERBAUM** [12] - 2:3, 3:12, 4:4, 4:16, 8:7, 14:12, 14:16, 15:8, 19:2, 19:6, 19:8, 20:1
**Pfefferbaum** [3] - 3:12, 4:4, 4:16
**PHLE** [1] - 1:19
**picked** [1] - 4:3
**picking** [1] - 3:25
**PIZZI** [1] - 2:11
**Pizzi** [1] - 4:10
**place** [1] - 12:8
**placed** [1] - 7:2
**Plaintiff** [1] - 1:5
**PLAINTIFF** [1] - 1:20
**plaintiff** [11] - 5:15, 8:9, 8:19, 9:8, 10:10, 12:4, 14:1, 17:10, 17:25, 20:13
**plaintiff's** [17] - 5:11, 8:25, 9:2, 9:5, 9:13, 9:15, 11:12, 12:20, 16:21, 16:25, 18:5, 18:10, 18:12, 18:21, 18:23, 19:22, 20:14
**plaintiffs** [10] - 3:11, 4:5, 4:16, 10:19, 11:10, 12:9, 13:7, 13:8, 16:17, 20:13
**plan** [2] - 5:21, 5:22
**pleading** [2] - 4:25, 5:1
**pleadings** [3] - 9:10, 11:11, 12:6
**please** [3] - 3:8, 3:22, 4:12
**pleased** [1] - 6:16
**Plimpton** [2] - 4:6, 4:8
**PLIMPTON** [1] - 2:7
**point** [1] - 16:15
**pointed** [1] - 13:20
**POLICE** [1] - 1:4
**Police** [2] - 3:13, 5:15
**possibility** [2] - 10:1, 12:1
**potential** [5] - 7:7, 8:17, 12:3, 12:24, 17:5
**potentially** [6] - 10:1, 12:17, 13:6, 13:25, 14:3, 16:13
**practice** [1] - 17:4
**practicing** [1] - 4:2
**predominance** [2] - 10:8, 10:14

**predominant** [1] - 9:19
**preliminary** [1] - 6:24
**presented** [2] - 8:11, 19:18
**presents** [1] - 8:10
**presided** [1] - 12:13
**presumption** [2] - 10:3, 10:5
**prevailed** [1] - 13:7
**previously** [3] - 10:24, 12:13, 17:14
**prime** [1] - 12:22
**principal** [1] - 10:14
**prior** [1] - 18:8
**probable** [2] - 16:1, 16:2
**probably** [1] - 5:8
**procedure** [1] - 16:9
**proceed** [2] - 11:21, 20:3
**Proceedings** [1] - 1:24
**proceedings** [5] - 4:24, 16:16, 17:4, 20:25, 21:8
**PROCEEDINGS** [1] - 3:1
**process** [1] - 6:9
**processing** [2] - 13:17, 16:9
**produced** [1] - 1:25
**product** [1] - 12:15
**pronged** [1] - 8:25
**proposal** [1] - 11:18
**proposed** [7] - 6:23, 8:11, 11:1, 13:14, 13:18, 14:19, 20:4
**propriety** [1] - 14:20
**protect** [1] - 8:23
**provide** [2] - 5:4, 5:25
**provided** [3] - 16:23, 17:1, 19:9
**provides** [1] - 15:11
**provisions** [3] - 14:5, 14:15, 16:8
**PRUDENTIAL** [1] - 1:7
**Prudential** [4] - 11:6, 11:11, 15:21, 16:12
**PSLRA** [1] - 16:16
**PUBLIC** [1] - 2:2
**purchase** [1] - 10:7
**purchased** [1] - 8:13
**pushing** [1] - 20:15
**put** [3] - 6:16, 11:22, 18:21

### Q

**qualified** [1] - 9:3

**question** [2] - 7:20, 8:2
**questioning** [1] - 17:17
**questions** [6] - 6:10, 7:10, 8:4, 9:18, 9:20, 10:8
**quite** [8] - 3:20, 7:5, 9:11, 9:22, 13:3, 16:11, 18:1, 20:8
**quote** [1] - 18:5

### R

**raise** [1] - 15:15
**raised** [2] - 15:15, 16:13
**range** [2] - 5:13, 18:13
**rate** [2] - 19:11, 19:13
**rather** [1] - 15:5
**reached** [1] - 14:1
**reaching** [1] - 13:4
**readily** [1] - 10:14
**REAGAN** [1] - 2:8
**reason** [3] - 11:22, 11:23, 16:14
**reasonable** [9] - 5:12, 5:17, 16:9, 16:10, 17:15, 18:17, 19:14, 19:23, 20:7
**recall** [3] - 14:9, 17:23, 19:3
**recalls** [1] - 12:19
**received** [1] - 6:5
**recent** [1] - 13:19
**recently** [1] - 14:10
**recollection** [2] - 12:16, 15:7
**recommended** [1] - 12:25
**recommending** [1] - 20:16
**record** [10] - 3:6, 3:7, 7:2, 11:22, 16:20, 17:21, 17:22, 20:12, 20:23, 21:8
**recorded** [1] - 1:24
**recovery** [7] - 5:5, 5:6, 12:3, 12:24, 17:5, 18:1, 18:6
**red** [3] - 13:21, 13:23, 17:16
**reduced** [1] - 4:21
**refer** [1] - 11:4
**referral** [1] - 6:15
**referred** [1] - 16:22
**reflect** [1] - 18:20
**regard** [5] - 7:22, 8:22, 9:10, 10:23, 13:14
**regarded** [1] - 13:20

**regardless** [1] - 13:7
**reimbursement** [1] - 19:22
**rejections** [1] - 5:9
**relating** [2] - 12:15, 17:2
**relationship** [1] - 3:17
**reliance** [1] - 10:12
**relied** [1] - 10:6
**relief** [1] - 13:15
**remainder** [1] - 15:8
**remained** [1] - 12:1
**remaining** [2] - 8:15, 15:12
**remand** [2] - 11:13, 11:19
**remanded** [1] - 4:23
**remarkably** [1] - 11:5
**remarks** [1] - 6:11
**reply** [1] - 6:1
**Reporter** [3] - 1:22, 21:6, 21:14
**REPORTER'S** [1] - 21:3
**represent** [1] - 9:3
**representation** [1] - 9:7
**representative** [2] - 8:9, 8:23
**representatives** [1] - 11:7
**representatives'** [1] - 8:21
**represented** [2] - 11:8, 11:17
**represents** [1] - 5:3
**request** [7] - 5:9, 5:14, 5:19, 6:2, 14:6, 18:24, 19:24
**requested** [2] - 5:11, 19:15
**required** [5] - 10:11, 11:14, 11:15, 14:6, 15:17
**requirement** [4] - 7:9, 7:17, 9:17, 10:14
**requires** [2] - 7:3, 8:22
**residue** [2] - 15:4, 15:6
**resolution** [2] - 7:13, 13:5
**resolve** [1] - 7:15
**resolved** [2] - 12:18, 16:18
**result** [5] - 4:19, 7:23, 8:14, 20:8, 20:18
**resulted** [1] - 5:17
**resulting** [1] - 12:23
**results** [1] - 16:4
**retired** [2] - 13:2, 17:8

**Retirement** [1] - 5:15
**RETIREMENT** [1] - 1:4
**reversal** [1] - 11:12
**reversed** [2] - 9:10, 9:11
**reversion** [1] - 14:7
**revolved** [1] - 13:23
**right** [2] - 6:20, 16:7
**risk** [1] - 13:8
**risks** [2] - 12:2, 18:20
**Robbins** [2] - 3:12, 4:4
**ROBBINS** [1] - 2:3
**room** [1] - 6:5
**RPR** [2] - 21:5, 21:13
**Rudman** [2] - 3:13, 4:5
**RUDMAN** [1] - 2:3
**Rule** [4] - 7:1, 8:22, 9:17, 15:18

### S

**SADDLE** [1] - 1:19
**same** [2] - 8:10, 10:11
**SAN** [1] - 2:4
**satisfied** [21] - 6:25, 7:1, 7:11, 7:17, 8:9, 8:20, 9:14, 9:16, 9:17, 10:5, 10:22, 10:23, 11:16, 14:18, 15:14, 16:19, 17:6, 17:14, 19:13, 19:18, 19:23
**satisfy** [1] - 7:8
**say** [2] - 3:16, 6:14
**scienter** [3] - 4:25, 7:25, 12:7
**scientific** [1] - 15:24
**seated** [1] - 4:12
**second** [2] - 7:10, 9:2
**secondary** [1] - 15:9
**securing** [1] - 9:13
**securities** [1] - 18:3
**security** [1] - 7:16
**security's** [2] - 9:24, 13:12
**see** [3] - 3:4, 20:10, 20:21
**seeking** [1] - 16:23
**seeks** [1] - 14:24
**seen** [1] - 6:8
**select** [1] - 15:9
**sent** [1] - 5:8
**set** [4] - 11:3, 11:5, 15:21
**settle** [3] - 13:24, 18:3, 18:4
**settlement** [18] - 4:13, 4:18, 5:24, 6:21, 6:25, 9:16, 11:2, 14:4, 14:5, 14:22,

16:4, 16:8, 16:10, 17:15, 17:19, 18:11, 18:17, 18:19
**settlements** [1] - 18:16
**settling** [1] - 18:22
**short** [7] - 7:25, 9:25, 10:22, 12:21, 13:5, 13:25, 17:6
**shortened** [2] - 4:22, 11:24
**should** [2] - 10:23, 12:10
**side** [1] - 12:2
**sidebar** [3] - 3:4, 20:10, 20:21
**sides** [2] - 12:24, 20:9
**sign** [1] - 20:4
**Signature** [1] - 21:14
**similar** [3] - 7:18, 14:23, 18:14
**since** [1] - 5:25
**single** [1] - 4:21
**situation** [1] - 14:22
**situations** [1] - 18:14
**slightest** [2] - 8:17, 9:4
**small** [1] - 10:20
**smaller** [1] - 18:16
**some** [2] - 3:16, 15:20
**somewhere** [1] - 12:20
**sought** [2] - 8:12, 18:10
**speak** [2] - 3:22, 4:14
**speaks** [1] - 17:12
**spoken** [1] - 6:4
**stage** [1] - 4:24
**standard** [1] - 5:13
**standards** [1] - 11:3
**STANLEY** [2] - 1:14, 3:2
**statement** [2] - 4:21, 7:22
**statements** [4] - 7:24, 7:25, 10:6, 12:14
**STATES** [3] - 1:1, 1:14, 1:17
**States** [2] - 3:3, 21:6
**stenographically** [1] - 1:24
**still** [4] - 6:1, 6:2, 16:16, 20:12
**stock** [1] - 8:14
**stop** [2] - 3:15, 7:4
**STREET** [2] - 1:11, 2:12
**stroke** [1] - 7:16
**strongly** [3] - 11:21, 11:23

**subclass** [2] - 16:5, 16:7
**subclasses** [1] - 16:3
**submitted** [2] - 17:24, 20:4
**substantial** [3] - 12:1, 13:8, 18:6
**substantive** [1] - 15:22
**successfully** [1] - 13:4
**such** [4] - 7:12, 15:19, 17:6, 19:13
**suffered** [1] - 10:19
**sufficient** [1] - 8:16
**sufficiently** [3] - 9:1, 9:7, 9:8
**suggested** [3] - 11:21, 11:23
**suggestion** [2] - 8:17, 9:4
**suggests** [1] - 18:15
**suit** [1] - 10:20
**SUITE** [2] - 1:19, 2:4
**superb** [1] - 20:8
**superior** [2] - 9:21, 10:17
**supported** [2] - 5:14, 19:23
**supporting** [1] - 17:2
**Supreme** [1] - 12:16
**sure** [1] - 3:22
**SUSAN** [1] - 2:8
**Susan** [1] - 4:8
**System** [1] - 5:15
**SYSTEM** [1] - 1:4

### T

**tacit** [1] - 14:2
**taking** [1] - 11:7
**talent** [1] - 11:15
**talented** [1] - 9:9
**talents** [1] - 9:13
**ten** [1] - 12:17
**tends** [1] - 18:18
**terms** [3] - 13:17, 14:3, 14:19
**than** [11] - 5:6, 7:8, 8:16, 9:7, 9:14, 11:16, 12:2, 13:6, 17:6, 18:13, 19:17
**thank** [9] - 6:12, 6:13, 6:18, 6:19, 19:12, 20:10, 20:15, 20:16, 20:19
**thanks** [1] - 20:20
**THE** [25] - 1:1, 1:14, 1:17, 1:20, 2:2, 2:9, 2:13, 3:4, 3:8, 3:15,

3:25, 4:12, 6:12, 6:18, 6:20, 8:8, 14:13, 14:17, 15:14, 17:23, 19:3, 19:7, 19:12, 20:3, 20:19
**therefore** [6] - 7:20, 8:20, 10:21, 12:11, 14:18, 17:13
**Third** [8] - 4:23, 7:6, 11:2, 13:19, 13:20, 14:5, 14:10, 15:16
**thousands** [1] - 10:1
**THREE** [1] - 2:12
**three** [1] - 18:25
**THURSDAY** [1] - 1:11
**time** [2] - 18:21, 20:11
**times** [2] - 5:5, 18:25
**timing** [2] - 13:18, 14:19
**today** [1] - 4:17
**total** [2] - 18:10, 19:8
**totally** [3] - 12:23, 13:9, 17:5
**traditionally** [1] - 8:24
**transcript** [1] - 21:8
**Transcript** [1] - 1:25
**transcription** [1] - 1:25
**trial** [1] - 16:1
**Tricia** [1] - 4:10
**TRICIA** [1] - 2:12
**truth** [1] - 7:14
**tuff** [1] - 20:17
**twice** [1] - 5:6
**two** [2] - 8:25, 11:3
**two-pronged** [1] - 8:25
**types** [1] - 14:15
**typical** [1] - 8:21
**typicality** [2] - 8:8, 8:16
**typically** [3] - 6:7, 15:11, 18:4

### U

**U.S** [2] - 1:10, 12:16
**ultimately** [1] - 12:16
**unclaimed** [1] - 14:7
**under** [6] - 3:19, 4:20, 12:25, 15:18, 16:10, 19:19
**underlying** [1] - 15:22
**underway** [1] - 6:10
**undoubtedly** [1] - 10:18
**unique** [1] - 8:18
**UNITED** [3] - 1:1, 1:14, 1:17
**United** [2] - 3:3, 21:6

**unless** [1] - 6:10
**unquote** [1] - 18:5
**until** [1] - 16:17
**up** [5] - 9:9, 12:16, 12:20, 12:22, 18:16
**update** [1] - 5:25

### V

**validity** [1] - 7:15
**value** [2] - 14:23, 14:25
**vast** [1] - 6:9
**victory** [1] - 9:13
**vigorous** [1] - 9:8
**Vioxx** [1] - 12:15

### W

**WALNUT** [1] - 1:11
**Walsh** [1] - 4:10
**WALSH** [1] - 2:11
**warrant** [1] - 17:17
**Warren** [2] - 3:13, 5:15
**WARREN** [1] - 1:4
**week** [1] - 6:9
**weeks** [1] - 6:7
**WEST** [1] - 2:4
**whether** [12] - 6:22, 7:21, 7:23, 7:24, 11:1, 13:7, 13:22, 13:24, 13:25, 16:8, 16:9, 17:17
**which** [22] - 5:21, 7:14, 7:17, 8:5, 8:10, 8:18, 9:17, 10:20, 11:10, 13:21, 14:2, 14:3, 14:6, 14:22, 14:23, 15:2, 15:10, 16:23, 17:16, 18:3, 19:9, 20:17
**wide** [1] - 7:13
**widely** [1] - 10:6
**wishes** [1] - 4:14
**within** [1] - 5:13
**Wolfson** [4] - 13:2, 20:16, 20:17, 20:20
**wonders** [1] - 17:12
**worded** [1] - 15:5
**worth** [1] - 13:6
**wrong** [1] - 14:14

### Y

**years** [2] - 4:2, 12:17
**YORK** [2] - 2:9